409 So.2d 727 (1981)
FIRST BAPTIST CHURCH OF CITRONELLE, et al.
v.
CITRONELLE-MOBILE GATHERING, INC. and
Sanders MASON, Jr., et al.
v.
Bart B. CHAMBERLAIN, Jr., et al.
Nos. 79-922, 79-923.
Supreme Court of Alabama.
September 29, 1981.
Rehearing Denied February 12, 1982.
Frank McRight and Donald J. Stewart of McRight, Sims, Rowe & Stewart, Mobile, for appellants in No. 79-922.
Larry T. Menefee of Blacksher, Menefee & Stein, Mobile, for appellants in No. 79-923.
G. Sage Lyons and J. P. Courtney, III of Lyons, Pipes & Cook, Mobile, for appellees.
*728 FAULKNER, Justice.
Plaintiffs are the representatives of a class of persons who were royalty owners of oil and gas interests in the Citronelle Oil Field in Mobile County, Alabama, in December, 1973. The defendants, Citronelle-Mobile Gathering, Inc. (Gathering) and Bart Chamberlain, Jr., Gathering's president, own and operate a system of gathering lines in the Citronelle Unit. The gathering lines permit the corporation to receive, transport and sell oil which is subject to the royalty interests of the plaintiffs. The class members were parties to an "open price division order contract" with Gathering. Under such a contract, Gathering has the right to purchase oil at the "posted price on the day thereof, for oil of the same kind and quality produced from the same field," subject only to the plaintiffs' royalty interests.
By federal regulation, oil sales to domestic purchasers were limited to a price of $5.10 per barrel from December, 1973 through May, 1974. The defendant entered into a series of oil sales contracts with a Bahamian corporation for the export sale of 1,000,000 barrels of oil from the Citronelle Field at a price of $14.00 per barrel. But the defendant paid royalties to the plaintiffs on the price of $5.10 per barrel. Plaintiffs contend that Gathering breached its contract with them by failing to pay royalties on the higher price.
In an action brought in federal court, Judge Virgil Pittman determined that the oil sales in question were not for "export" within the context of the price deregulations on oil, and therefore the sales were not exempt from the federal pricing regulations limiting the price of domestic oil sold for $5.10 a barrel. The Court ordered the excess profits, $8,000,000, to be paid into the United States Treasury as restitution.
On July 7, 1975, purported members of the class of persons holding royalty interests in the Citronelle Field brought a class action for fraud and breach of contract in a case styled Helveston, et al. v. Gathering, Chamberlain, et al. The trial court denied class action status two years and four months later, on November 9, 1977. In April of 1978, the former class representatives reached a settlement agreement with Gathering and the case was dismissed. The putative class members were never sent notice of the settlement or dismissal.
On October 24, 1978, less than six months later, the plaintiff filed the present class action suits on behalf of the putative members of the Helveston class, one against Gathering and one against Chamberlain. The action against Gathering is for breach of contract, while the action against Chamberlain is for fraud. The lower court granted Gathering's motion for a summary judgment on the grounds that the statutes of limitations bar bringing the causes of action.
The representatives of the class of owners of royalty interests in the Citronelle Field appeal the granting of the summary judgment in favor of Gathering. We reverse the decision of the trial court.
The sole issue on appeal is whether the applicable statute of limitations[1] bars filing of a separate class action after denial of class certification and dismissal in the original action. We hold that when the interests of putative class members may not be adequately protected by the class representative or by the judiciary, the statute of limitations is tolled from the date of commencement of the action until the date of denial of class certification. In the appropriate circumstances, an action may be *729 brought by a putative class member after the denial of class certification and dismissal of an action.
Rule 23 of the Alabama Rules of Civil Procedure is identical to Rule 23 of the Federal Rules of Civil Procedure. Thus, federal authorities are persuasive when interpreting the Alabama Rule, but they are not binding on this Court. Thomas v. Liberty National Life Insurance Co., 368 So.2d 254 (Ala.1979).
The Supreme Court of the United States employs a balancing approach when determining whether a statute of limitations is tolled by the filing of a class action. See United Airlines, Inc. v. McDonald, 432 U.S. 385, 97 S.Ct. 2464, 53 L.Ed.2d 423 (1977); American Pipe & Construction Co. v. Utah, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974). The Court considers the policies underlying class actions and statutes of limitations to discover if tolling the statute of limitations is consistent with those policies.
The class action developed partially in response to problems with the practice in equity regarding "spurious" class actions class actions in which there are common questions of law or fact. See American Pipe & Construction Co. v. Utah, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974). Potential members of a spurious class action could choose not to intervene in an action if a favorable determination appeared to be unlikely. The class members were not bound unless they intervened in the action. The class action under Rule 23 permits the binding of all class members if the procedures of the rule are complied with. The class action procedure serves "not only the convenience of the parties but also prompt, efficient judicial administration." (Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 185, 94 S.Ct. 2140, 2156, 40 L.Ed.2d 732 (1974)) (Douglas, J., dissenting) (quoting Z. Chaffee, Some Problems of Equity 149 (1950)). The aggregation of individual claims into one action prevents the waste of judicial resources that result necessary filing of repetitious suits, motions, and papers in individual actions. Moreover, the class action provides a framework within which to seek redress for claims that it may be unfeasible economically to bring in individual actions. See Deposit Guaranty National Bank v. Roper, 445 U.S. 326, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980).
The Supreme Court of the United States has determined that tolling of a statute of limitations to permit putative class members to intervene after the denial of class certification is consistent with federal class action procedure. See United Airlines, Inc. v. McDonald, 432 U.S. 385, 97 S.Ct. 246, 53 L.Ed.2d 423 (1977) (putative class members may intervene on appeal to contest denial of class certification); American Pipe & Construction Co. v. Utah, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974) (putative class members permitted to intervene after denial of class certification). We hold that tolling of the statute of limitations for actions brought after the dismissal of the original class action in the present case enhances the policies underlying the class action.
The principal function of the class actionto avoid multiplicity in filing suits, motions and paperswill be defeated if the statute of limitations is not tolled in favor of the plaintiffs. A putative class member could protect his or her interests only by filing an individual action or intervening before the statute of limitations runs. See American Pipe & Construction Co. v. Utah, 414 U.S. at 551-555, 94 S.Ct. at 765-767. Filing of individual actions in such a case as the case before the Court is precisely what Rule 23 was designed to avoid. Id. at 551, 94 S.Ct. at 765. The named plaintiffs list over eighty persons who are members of the class of owners of royalty interests in the Citronelle Field. The cause of action arose from the same set of facts, and the same law will apply. The most efficient method of adjudication is the class action, not eighty individual suits, which would bring needless duplication of paperwork.
Class actions also serve the purpose of rendering a final judgment that is binding on all class members, if their interests are sufficiently protected. See American Pipe & Construction Co. v. Utah, 414 U.S. at 548, *730 549, 94 S.Ct. at 763, 764; Hansberry v. Lee, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940). The rights of, and the duties owed to, putative class members are difficult to precisely delineate. See Deposit Guaranty National Life v. Roper, 445 U.S. 326, 343, n.3, 100 S.Ct. 1166, 1176 n.3, 63 L.Ed.2d 427 (1980) (Stevens, J., concurring). It is clear that both the class representative and the court have some responsibility to protect the interests of absent class members prior to approval of a settlement agreement and dismissal of the action. Id. at 332, n.5, 100 S.Ct. at 1171 n.5 (1980); Hansberry v. Lee, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940). Some measure of protection must be afforded the interests of the putative class members, even when class action status is denied.
In the present action, the absent class members' interests could not be adequately protected unless the statute of limitations is tolled. To hold to the contrary would have the effect of shortening the statute of limitations. In the present case, the class members waited two years of the four year limitation period for the lower court to certify the class.[2] Three months later, the named plaintiffs settled. If this court were to hold that the statute of limitations is not tolled the class members have an effective statute of limitations of a little over two years, instead of four years. "This would only serve to `convert the rule into a trap' for those who have expeditiously allowed their rights to be maintained by a class action." Hellerstein v. Mathers, 360 F.Supp. 473 (D.D.C.1973) (quoting Union Carbide & Carbon Corp. v. Nisley, 300 F.2d 561 (10th Cir. 1962).
Tolling the statute of limitations in favor of the plaintiffs is not inconsistent with the function of the statute. Statutes of limitations prevent revival of fraudulent or stale claims and prevent surprise after evidence is lost or obscure. See American Pipe & Construction Co. v. Utah, 414 U.S. at 554, 94 S.Ct. at 766; Order of Railroad Telegraphers v. Railway Express Agency, 321 U.S. 342, 64 S.Ct. 582, 88 L.Ed. 788 (1943); Seybold v. Magnolia Land Co., 376 So.2d 1083 (Ala. 1979).
The policies of ensuring essential fairness to defendants and of barring a plaintiff who has `slept on his rights' [citations omitted] are satisfied when ... a named plaintiff who is found to be representative of a class commences a suit and thereby notifies the defendants not only of the substantive claims being brought against them, but also of the number and generic identities of the potential plaintiffs who may participate in the judgment.
American Pipe & Construction Co. v. Utah, 414 U.S. at 554-555, 94 S.Ct. at 766-767.
The defendants, Gathering and Chamberlain, have the "essential information necessary to determine both the subject matter and size of the prospective litigation." Id. at 555, 94 S.Ct. at 767. The filing of the complaint in the Helveston action put the defendants on notice as to the subject matter and size of the litigation. Therefore the imposition of a time bar does not promote the purposes of the statute of limitations.
Our conclusion is that the applicable statutes of limitations, Code 1975, §§ 6-2-3 and 7-2-725, are tolled from the filing of the class action in Helveston, until the denial of class certification, two years and four months later. Since the filing of the present action was less than nine months after the denial of class certification in Helveston, the complaint is timely made and not barred by the statute of limitations.
The order of the trial court granting a summary judgment on the basis that the statute of limitations had run is reversed and the cause is remanded.
REVERSED AND REMANDED.
JONES and BEATTY, JJ., concur.
*731 MADDOX, SHORES and ADAMS, JJ., concur in the result.
TORBERT, C. J., and ALMON and EMBRY, JJ., dissent.
TORBERT, Chief Justice (dissenting).
I dissent. In American Pipe & Construction Co. v. Utah, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), the United States Supreme Court set out the standard to be followed by potential class members when class action status is denied and the applicable statute of limitations has run. The Court stated:
We hold that ... where class action status has been denied solely because of failure to demonstrate that "the class is so numerous that joinder of all its members is impracticable," the commencement of the original class suit tolls the running of the statute for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status. [Emphasis supplied.]
414 U.S. at 552-53, 94 S.Ct. at 765-66.
Here, the plaintiffs are not within the American Pipe & Construction Co. principle of tolling the statute of limitations. The plaintiffs did not timely move to intervene in the pending Helveston case after class action status had been denied. By commencing a separate and independent action, the American Pipe & Construction Co. standard was defied. In Stull v. Bayard, 424 F.Supp. 937 (S.D.N.Y.), aff'd, 561 F.2d 429 (2d Cir. 1977), the district court specifically addressed this issue:
[A] member of a class, on whose behalf a class action has been commenced, may not bring a separate, independent action after his individual claim has been time barred. His sole remedy, under American Pipe, is a timely motion to intervene in the class action after class action status has been denied; only if he does so, is the statute of limitations tolled as to him.
424 F.Supp. at 942.
The holding of the majority in this case fails to consider these prior holdings and, as a result, will not effectuate "litigative efficiency and economy," as is the purpose of Rule 23, ARCP. This decision, in effect, will allow independent actions by class members on claims already barred by the running of the statute of limitations. Class actions brought under Rule 23, ARCP, are designed to avoid unnecessary filing of repetitious papers and motions, yet this holding will encourage the assertion of stale claims by persons not following the procedures set out by American Pipe & Construction Co.
For the foregoing reasons, I believe that the holdings of American Pipe & Construction Co. v. Utah and Stull v. Bayard should control and that the statute of limitations in this instance was not tolled.
ALMON and EMBRY, JJ., concur.
NOTES
[1] The statute of limitations for actions based on a breach of contract is Code 1975, § 7-2-725, which provides: "An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it."

The statute of limitations for actions based on fraud is Code 1975, § 6-2-3, which provides: "In actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have one year within which to prosecute his action."
[2] Rule 23 provides: "As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained."

ARCP 23(c)(1).