This is an appeal from a summary judgment granted in favor of W.C. Sims, individually and as representative of a plaintiffs' class, and against defendants, James White, as Commissioner of Revenue for the State of Alabama; Annie Laurie Gunter, as Treasurer for the State of Alabama; Foster Weed as Tax Assessor of Covington County, Alabama; Margaret P. Bass, as Tax Collector of Covington County, Alabama; and William P. Smith, as Chairman *Page 1192 
of the County Commission of Covington County, Alabama.
The pertinent facts are as follows:
During the second special session, Alabama Legislature of 1978, Act No. 135 was passed, which provided for the appraisal of Class III property at current use value upon application by the property owner.[1]
On November 25, 1981, an action styled Mangum, et al. v.Eagerton, et al., was filed in the Circuit Court of Montgomery County, Alabama, Civil Action No. CV 81-1592-G. This lawsuit sought to establish a statewide class of plaintiffs against a statewide class of defendants, challenging the method used to determine current use valuation of land for ad valorem tax purposes as being contrary to Act No. 135, and further seeking a refund of excess taxes collected in the years 1979, 1980, and 1981.
At the time of the filing of the Mangum case, no notice was sent to the plaintiffs' class of the pendency of the action, nor was any notification ever given. Subsequent to the filing of Mangum, and without any opposition of the parties, the case was placed on the administrative docket pending a decision by this Court in the case of Eagerton v. Williams, 433 So.2d 436
(Ala. 1983).
After the Eagerton decision was rendered, the trial court on June 15, 1983, placed the Mangum case back on the active docket and an order was entered certifying Mangum as a statewide plaintiffs' class.
During the pendency of the Mangum case, the instant action,Sims v. White, was filed in the Circuit Court of Covington County, Alabama, on April 18, 1983. The complaint in Sims
sought identical relief as that sought in Mangum, except thatSims sought to assert a class action on behalf of owners of eligible Class III property situated within Covington County and sought relief limited to Covington County, Alabama. This action was one of forty suits filed around the state seeking refund of taxes on the same grounds applicable to each county, on an individual basis. On June 28, 1983, the Covington County Circuit Court granted certification of a class consisting of "all land owners in Covington County, Alabama owning an interest in eligible Class III property situated within the said county who applied for current use treatment for ad valorem tax purposes and who paid ad valorem taxes on their said property on or after November 23, 1979."
The Mangum class was eventually decertified on May 2, 1984, after the trial court determined that it would be more appropriate to bring individual county actions rather than to maintain a statewide class action.
On June 7, 1984, the Covington County taxpayer class in Sims
filed a motion for summary judgment, which was granted on September 19, 1984. The trial court found that the tax assessor in Covington County did not utilize values consistent with those set forth by this court in Eagerton v. Williams, supra.
On appeal, defendants do not contest the validity of the method of valuation imposed on the property. Defendants' sole contention is that the trial court erred in ruling that the statute of limitations period[2] was tolled by the filing ofMangum and continued tolled until the time of the filing of the instant complaint. We disagree, and hereby affirm.
The issue of whether the statute of limitations bars filing a separate class action after denial of class certification in the original action was addressed by this court in FirstBaptist Church of Citronelle v. Citronelle-Mobile Gathering,Inc., 409 So.2d 727 (Ala. 1981). Relying upon the tolling principles espoused by the United States Supreme Court inAmerican Pipe Construction Co. v. Utah, 414 U.S. 538, *Page 1193 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), this Court in a plurality decision held that the statute of limitations period is tolled from the date of the commencement of the action until the date of denial of class certification, when the interests of putative class members are not adequately protected by the representative of the class or by the court. Id., 409 So.2d at 728.
This Court reasoned that unless the filing of a class action tolled the statute, the purpose of the class action procedure, Rule 23, Alabama Rules of Civil Procedure, would be frustrated:
 "The principal function of the class action — to avoid multiplicity in filing suits, motions and papers — will be defeated if the statute of limitations is not tolled in favor of the plaintiffs. A putative class member could protect his or her interests only by filing an individual action or intervening before the statute of limitations runs."
First Baptist, supra, 409 So.2d at 729.
Defendants argue, however, that the rule in American Pipe andFirst Baptist was limited to intervenors, and does not toll the statute of limitations for class members who, as here, file separate and independent actions. See First Baptist, supra, 409 So.2d at 731 (Torbert, C.J., dissenting). This issue was addressed by the United States Supreme Court in Crown, Cork Seal Co. v. Parker, 462 U.S. 345, 103 S.Ct. 2392,76 L.Ed.2d 628 (1983), in which the Court affirmed the proposition that the statute of limitations is tolled as to all asserted members of a putative class, without regard to whether they intervened or filed independent actions.
We agree with the Supreme Court's analysis in Crown and find that is wholly consistent with our decision in First Baptist.
We also find that the purpose of tolling the statute of limitations is not defeated, where, as in the instant case, an independent action is filed during the pendency of the original class action. Additionally, the fact that many of the putative class members had no notice of the pending class action is not a mitigating factor in our decision. Knowledge and reliance by unnamed class members has never been relevant in determining whether the statute of limitations is tolled during the pendency of a class action. The same standard applies to those members of the class who did not rely on the class action and even to those who were unaware that such a suit existed. "Rule 23 is not designed to afford class representation to only those who are active participants in or even aware of the proceedings in the suit prior to the order that the suit shall or shall not proceed as a class action." American Pipe, supra,414 U.S. at 551-52, 94 S.Ct. at 765.
Accordingly, we hold that the commencement of a class action tolls the statute of limitations until such time as an independent action is filed, or until the denial of class certification, whichever may first occur.
Finally, the county defendants argue that the statute should not be tolled as to them because they were not named members of the defendant class in Mangum. Relying on Chevalier v. BairdSavings Ass'n, 72 F.R.D. 140 (E.D.Pa. 1976), the county defendants argue that the limitations period is not tolled against unnamed defendants until they are specifically named in the complaint, because otherwise they would be required to defend against actions of which they had no knowledge until after the statute had run.
We do not agree with the holding in Chevalier. We find that the better rule is the one expressed by the Seventh Circuit Court of Appeals in Appleton Electric Co. v. Graves Truck Line,Inc., 635 F.2d 603 (7th Cir. 1980), cert. denied, 451 U.S. 976,101 S.Ct. 2058, 68 L.Ed.2d 357 (1981). In that case the court held that when a class action is instituted against a class of unnamed defendants, the statute is tolled as to all putative members of the defendant class. Finding that due process was not offended by tolling the running of the limitations period even where a defendant had no notice until after the limitations period had run, the court stated, "A contrary rule *Page 1194 
would sound the death knell for suits brought against a defendant class, nullifying that part of Rule 23 that specifically authorizes such suits." Appleton, supra, 635 F.2d at 609-610.
Accordingly, based upon the foregoing authority, we affirm the trial court's granting of summary judgment.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.
[1] For a more detailed discussion of Act 135, see Eagerton v.Williams, 433 So.2d 436 (Ala. 1983).
[2] The period for which refunds of ad valorem taxes may be recovered is the two-year period next preceding the filing of the action, Thorn v. Jefferson County, 375 So.2d 780 (Ala. 1979), and the suit must be brought within two years of the payment of said tax. Code of Alabama 1975, § 40-10-160 et seq.