These consolidated appeals were originally filed as a class action in an effort to collect refunds of ad valorem taxes paid based upon a "fair market" valuation rather than upon the appropriate "current use" valuation. The trial court denied the defendants' motions for summary judgment; those motions were based upon the fact that the plaintiffs had failed to file a claim with the county commission seeking a refund of ad valorem taxes illegally collected. The plaintiffs' motion for summary judgment was granted, on the authority of Eagerton v.Williams, 433 So.2d 436 (Ala. 1983), and White v.Sims, 470 So.2d 1191 (Ala. 1985). We affirm.
On November 25, 1981, the complaint was filed by E. Phillip Mangum, John W. Thompson, and Audrey Pinkston on behalf of themselves, and as named representatives of the plaintiffs' class. In addition to various State defendants, the defendants also included Betty W. Hall, as tax assessor of Elmore County, Alabama, and as class representative of all Alabama county tax assessors; W.J. Johnston, as tax collector of Elmore County, Alabama, and as class representative of all Alabama county tax collectors; and E.W. Enslen, as Chairman of the Elmore County Commission, and as class representative of all county commissioners and/or other elected representatives of county governments in the State of Alabama.
On December 21, 1981, the defendants moved to stay the proceedings in the instant case pending the resolution of the appeal in Eagerton, supra. This motion was granted, and the case remained on the administrative docket until April 11, 1983, three days after this Court's decision inEagerton was announced.
On April 15, 1983, the plaintiffs filed a motion for class certification for both a statewide plaintiffs' class and a statewide defendants' class. On June 15, 1983, the trial court entered an order allowing the action to proceed as a statewide plaintiffs' class, but denying certification of a defendants' class. The plaintiffs' class was defined as follows:
 "All landowners owning an interest in eligible Class III property situated within the State of Alabama who applied for current use treatment for ad valorem tax purposes and who paid ad valorem taxes on or after November 23, 1979. This class shall not apply to Montgomery County, Alabama or Mobile County, Alabama. These two counties are specifically exempted from this class; however, the class shall include all owners of an interest in real property situated within the other sixty-five counties within the State of Alabama."
On June 16, 1983, the plaintiffs filed a motion for the trial court to reconsider its refusal to certify the defendants' class. On the same date, the plaintiffs moved to amend their complaint to add as defendants all tax assessors, tax collectors, and county commission chairmen for the remaining 64 counties.
On May 14, 1984, the trial court decertified the plaintiffs' class except as to Elmore, Bullock, and Macon Counties, and refused to reconsider the denial of certification of a statewide defendants' class. On August 2, 1984, the trial court granted in part the plaintiffs' motion to amend, and approved the addition of the Bullock and Macon County defendants.
The Bullock County defendants filed a motion to dismiss, alleging that class representative Audrey Pinkston had not filed for current use treatment. On December 26, 1984, the trial court allowed the plaintiffs to substitute Jim Mitchell for Audrey Pinkston as class representative.
On May 16, 1985, the trial court granted the plaintiffs' motion for summary judgment as to liability and denied the motions for summary judgment filed on behalf of the defendants. Subsequently, the trial court granted the plaintiffs' motion for summary judgment as to damages, based on the defendants' answers to interrogatories. This appeal followed. *Page 350 
The defendants concede that the specific procedure for filing a claim with the county for a tax refund provided by Ala. Code (1975), §§ 40-10-160, -165,[1] would override the general non-claims provision in § 6-5-20.[2] However, the defendants insist that since the plaintiffs chose to directly attack the ad valorem tax assessments, rather than follow the statutory procedure, then the plaintiffs were required to comply with the general non-claims provision of § 6-5-20. We disagree.
In Thorn v. Jefferson County, 375 So.2d 780, 788
(Ala. 1979), this Court held that the taxpayers were not required to pursue a statutory remedy where the assessment was illegal and void. In asserting that the plaintiffs were required to present their claims to the county commission, pursuant to the non-claims statute, the defendants are assuming that the county commission is clothed with the authority to declare an assessment illegal and void, since an illegal and void assessment is a prerequisite to seeking relief other than as provided for by statute.
Ala. Const., Amendment No. 328, § 6.01(a), provides:
 "Except as otherwise provided by this Constitution, the judicial power of the state shall be vested in a unified judicial system which shall consist of a supreme court, a court of criminal appeals, a court of civil appeals, a trial court of general jurisdiction known as the circuit court, a trial court of limited jurisdiction known as the district court, a probate court and such municipal courts as may be provided by law."
Clearly, the county commission is not empowered to perform the judicial function of passing upon the validity and legality of an ad valorem tax assessment. Because the trial court is the only forum with the jurisdiction and authority to declare an assessment illegal and void, we hold that the trial court properly denied the defendants' motions for summary judgment, the only ground of which was that the plaintiffs had failed to file a claim with the county commission.
Next, the Macon and Bullock County defendants contend that the statute of limitations continued to run from June 15, 1983, the date the trial court refused to certify the defendants' class, until August 2, 1984, when the trial court granted the plaintiffs' motion to amend their complaint to add the Macon and Bullock County defendants. The defendants acknowledge that the statute of limitations was tolled during the pendency of the motion for certification of the class; however, they offer no support or justification for their contention that the statute of limitations continued to run from the time the plaintiffs filed their motion to amend until the time the trial court granted the motion.
Rule 15(a), Ala.R.Civ.P., provides that "a party may amend his pleading without leave of court but subject to disallowance on the court's own motion or motion to strike of an adverse party." Rule 3, Ala.R.Civ.P., provides that a civil action is commenced by the filing of the complaint. The filing of the complaint "commences" the action for purposes of the statute of limitations even though actual service may not be made until some time thereafter. *Page 351 Horn v. Pope, 205 Ala. 127, 87 So. 161 (1920). Analogously, it is the date of the filing of the amendment, not the date of service, from which all time periods are to be computed. This principle may be limited by the plaintiffs' failure to use due diligence in attempting to make service. Cf.Ward v. Saben Appliance Co., 391 So.2d 1030 (Ala. 1980). In the instant case, there was no finding that the plaintiffs failed to exercise due diligence in serving the defendants, or that the defendants were prejudiced in maintaining a defense on the merits. All issues regarding notice were previously addressed in White v. Sims,supra. Therefore, the Bullock and Macon County parties became defendants in the action at the time the plaintiffs filed the amendment. All other parties named in the amendment were dismissed when the trial court limited the amendment to the Bullock and Macon County defendants.
The final issue in this appeal is whether the trial court properly permitted the substitution of one of the representatives of the plaintiffs' class. As previously stated, the trial court allowed the plaintiffs to amend their complaint and substitute Jim Mitchell for Audrey Pinkston as one of the plaintiffs' class representatives. It is significant to note that at all times there was only one plaintiffs' class. Thus, even assuming the failure of one class representative, the other two named representatives were fully capable of representing the entire class.
Additionally, it is well settled that "[w]hen the . . . court certified the propriety of the class action, the class of unnamed persons described in the certification acquired a legal status separate from the interest asserted by [the named representative]." Franks v. Bowman Transportation Co.,424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976) (citingSosna v. Iowa, 419 U.S. 393, 399, 95 S.Ct. 553, 557,42 L.Ed.2d 532 (1975)). Consequently, the plaintiffs' class in the instant case had a legal status and interest separate from the interest asserted by Audrey Pinkston, and the claims of the class were not extinguished because her claim subsequently failed.
Based on the foregoing, the judgment of the trial court is due to be affirmed. Also, the trial court's decision to award pre-judgment and post-judgment interest is affirmed on the authority of Sims v. White, 522 So.2d 239 (Ala. 1988).
AFFIRMED.
MADDOX, JONES, ALMON, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., and HOUSTON and STEAGALL, JJ., recused.
[1] "§ 40-10-160. When taxpayer entitled to recover.
"Any taxpayer who through any mistake, or by reason of any double assessment, or by any error in the assessment or collection of taxes, or other error, has paid taxes that were not due upon the property of such taxpayer shall be entitled, upon making proof of such payment to the satisfaction of the comptroller, to have such taxes refunded to him if application shall be made therefor, as hereinafter provided, within two years from the date of such payment."
[2] "§ 6-5-20. Presentment of claim to county commission.
"(a) An action must not be commenced against a county until the claim has been presented to the county commission, disallowed or reduced by the commission and the reduction refused by claimant.
"(b) The failure of such county commission to enter upon its minutes the disallowance or reduction of the claim for 90 days is a disallowance.
"(c) Proof of the fact of presentation of such claim to such county commission may be made by parol evidence."