The plaintiff, Roy Burdeshaw, individually and as the representative of a class composed of rural landowners in Houston County, Alabama, appeals from a summary judgment for the defendants, James Sizemore, in his official capacity as commissioner of revenue for the State of Alabama; John L. Napier, in his official capacity as revenue commissioner for Houston County; and Robert Crowder, in his official capacity as chairman of the Houston County Commission, in this action challenging the method used to determine the current use valuation of land for ad valorem tax purposes as being contrary to Act No. 135 of the Second Special Session of the Alabama Legislature of 1978, and further seeking a refund of excess taxes collected in the years 1979, 1980, and 1981. We affirm in part, reverse in part, and remand.
Burdeshaw filed his complaint in the Houston Circuit Court on June 22, 1989. On October 2, 1989, Burdeshaw filed a motion for a summary judgment, supported by the deposition of defendant Napier, and on October 3, 1989, the trial court scheduled that motion for a hearing on October *Page 843 
24, 1989. On October 18, 1989, the defendants filed a motion for a summary judgment, a motion to consolidate both summary judgment motions for disposition, and a motion to schedule a later hearing date to allow for additional discovery. The trial court granted the defendants' motion on October 19, 1989, rescheduling the hearing for December 4, 1989. On November 22, 1989, the defendants filed a copy of the record in Hollis v.White, CV-84-5061, in support of their summary judgment motion. In Hollis, another rural landowner in Houston County had filed an action in Houston Circuit Court, substantially similar to the present one, on behalf of himself and seeking to represent a class composed of other rural landowners similarly situated. Two of the attorneys representing Burdeshaw in the present action also represented the plaintiff in Hollis. Hollis, which the parties stipulate in their respective briefs was never certified as a class action, resulted in the plaintiff's complaint being dismissed with prejudice under Rule 25(a), A.R.Civ.P. No appeal was taken from that dismissal.
Burdeshaw's attorneys, after receiving proper notice, did not appear at the December 4, 1989, hearing, and no further action was taken in this case until September 20, 1990, when Burdeshaw filed a motion to schedule another hearing date. On September 28, 1990, the trial court entered separate orders certifying this action as a class action, denying Burdeshaw's motion for a summary judgment, and entering a summary judgment for the defendants. In its order granting the defendants' motion for a summary judgment, the trial court stated as follows:
 "This matter having come before this Court on the Motions of Defendants, . . . the Court makes the following findings:
 "1. That the above referenced Defendants filed properly supported Motions for Summary Judgment in this cause.
 "2. That on December 4, 1989, a hearing was held on said Motions in open Court pursuant to Order of this Court filed October 19, 1989, with notices given or mailed to the parties that same date.
 "3. That Plaintiffs' counsel, after notice, was not present at said hearing. Prior to the hearing, the Court received a phone call from one of Plaintiffs' counsel, informing the Court that Plaintiffs' counsel would not be present for the hearing.
 "4. That since the filing of said Motions by said Defendants and since the hearing on December 4, 1989, some nine (9) to ten (10) months have elapsed and Plaintiffs have not filed anything in opposition to the Motions for Summary Judgment as filed by said Defendants.
 "5. That Plaintiffs have had ample opportunity to file anything they might have had in opposition to Defendants' Motions and have not done so.
 "6. That this Court, upon review and consideration of the things and matters presented by said Defendants in support of their Motions for Summary Judgment, and after considering all oral arguments presented at the hearing regarding same, is of the opinion that there is no genuine issue as to any material fact and that said Summary Judgment Motions are due to be granted with judgment to be entered in favor of said Defendants and against the named Plaintiff and the Plaintiff class determined by the Court to be composed of all landowners who own rural land in Houston County, Alabama, composed of cropland, pastureland and timberland which qualify for 'current use' valuation and upon which he/she is assessed for tax purposes by and incurs tax liability in said county."
The following issues were presented for our review:
1. Whether the summary judgment was proper based on the affirmative defense of res judicata;
2. Whether the summary judgment was proper based on the affirmative defense of the applicable statute of limitations; and,
3. Whether the summary judgment was proper under Rule 41(b), A.R.Civ.P., for want of prosecution.
With regard to the first issue, the defendants contend that the previous dismissal *Page 844 
of Hollis barred the present action under the doctrine of resjudicata. Burdeshaw contends, however, that the doctrine of resjudicata was not applicable. He argues that because Hollis was never certified as a class action, the "identity of parties" criterion of res judicata was not satisfied. We agree.
In Whisman v. Alabama Power Co., 512 So.2d 78, 80-82 (Ala. 1987), this Court discussed in-depth the identity of parties criterion of res judicata:
 "A valid, final judgment on the merits of an issue extinguishes that issue and operates as an absolute bar in a subsequent suit between the same parties on any issue which was or could have been litigated. Lesley v. City of Montgomery, 485 So.2d 1088 (Ala. 1986); Educators' Investment Corp. of Alabama, Inc. v. Autrey, 383 So.2d 536 (Ala. 1980); Ozley v. Guthrie, 372 So.2d 860 (Ala. 1979); Wheeler v. First Alabama Bank of Birmingham, 364 So.2d 1190 (Ala. 1978); McGruder v. B L Construction, Inc., 331 So.2d 257 (Ala. 1976); A.B.C. Truck Lines, Inc. v. Kenemer, 247 Ala. 543, 25 So.2d 511 (1946).
". . . .
 "The traditional res judicata case (frequently referred to as a claim preclusion) involves prior litigation between a plaintiff and a defendant, which is decided on the merits by a court of competent jurisdiction, and then a subsequent attempt by the prior plaintiff to relitigate the same cause of action against the same defendant, or perhaps to relitigate a different claim not previously litigated but which arises out of the same evidence. Alabama law is well settled that this will not be allowed. A valid, final judgment on the merits of the claim extinguishes the claim. If the plaintiff won, the claim is merged into the judgment; if the defendant won, the plaintiff is barred from relitigating any matter which could have been litigated in the prior action. Lesley v. City of Montgomery, supra; Ozley v. Guthrie, supra; Wheeler v. First Alabama Bank of Birmingham, supra; McGruder v. B L Construction, Inc., supra.
". . . .
 "The party identity criterion of res judicata
does not require complete identity, but only that the party against whom res judicata is asserted was either a party or in privity with a party to the prior action (Wheeler v. First Alabama Bank of Birmingham, 364 So.2d 1190, 1200 (Ala. 1978), or that the non-party's interests were adequately represented by a party in the prior suit, and the relationship between the party and non-party is not so attenuated as to violate due process. Century 21 Preferred Properties, Inc. v. Alabama Real Estate Commission, 401 So.2d 764, 770 (Ala. 1981).
 "In Century 21 there was a state court lawsuit brought by certain real estate franchisees, challenging the advertising regulations of the Alabama Real Estate Commission. Prior to the state case being filed, other Century 21 franchisees had filed a federal action seeking essentially the same relief. They were unsuccessful and the defendant in the state case sought to use the federal judgment as a bar, even though the parties in the state case were not identical to the parties in the federal action. We rejected appellants' contention that the lack of identical parties made the plea of res judicata ineffective. Justice Jones, writing for this Court, stated:
 " 'Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies. Parklane Hosiery Co. v. Shore, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). Res judicata applies where the parties to both suits are "substantially identical." Wheeler v. First Alabama Bank of Birmingham, [364 So.2d 1190 (Ala. 1978)]; Astron Industrial Associates, Inc. v. Chrysler Motors Corp., 405 F.2d 958, 961 (5th Cir. 1968).
 " 'Judgments can bind persons not party (or privy) to the litigation in question where the nonparties' interests were represented adequately by a party in the original suit. Southwest Airlines Co. v. Texas International *Page 845 Airlines, 546 F.2d 84, 94-95 (5th Cir. 1977). A person may be bound by a judgment even though not a party to a suit if one of the parties to the suit is so closely aligned with his interests as to be his virtual representative. Aerojet-General Corporation v. Askew, 511 F.2d 710, 719 (5th Cir. 1975). Moreover, if a party has a "sufficient 'laboring oar' in the conduct" of the litigation, then the principle of res judicata can be actuated. Montana v. United States, 440 U.S. 147, 155, 99 S.Ct. 970, 974, 59 L.Ed.2d 210 (1979).'
"401 So.2d at 770."
Burdeshaw was not a party in Hollis, and there is no evidence suggesting that he participated in any way in the prosecution of that case. Furthermore, Hollis was never certified as a class action; therefore, no judicial determination was ever made that the plaintiff in that case adequately represented the putative class of rural landowners in Houston County, of which Burdeshaw was a member. The constitutionally protected right to a remedy by due process of law that has been preserved inviolate to each of the citizens of this State, Art. I, §§ 13, 36, Alabama Constitution of 1901, prohibits this Court from holding that the doctrine of res judicata was a bar to Burdeshaw's action. We conclude, therefore, that the summary judgment for the defendants could not properly be based on the affirmative defense of res judicata.
As to the second issue, the defendants contend that the summary judgment was proper because, they argue, the two-year limitations period set out in Ala. Code 1975, § 40-10-160, had run at the time Burdeshaw filed his action. Burdeshaw contends that the statute was not a bar because, he says, the running of the two-year limitations period was tolled while the previous cases of Mangum v. Eagerton, CV-81-1592-G, and Hollis were pending in the Circuit Courts of Montgomery and Houston Counties respectively.
Section 40-10-160 provides:
 "Any taxpayer who through any mistake, or by reason of any double assessment, or by any error in the assessment or collection of taxes, or other error, has paid taxes that were not due upon the property of such taxpayer shall be entitled, upon making proof of such payment to the satisfaction of the comptroller, to have such taxes refunded to him if application shall be made therefor, as hereinafter provided, within two years from the date of such payment."
Thus, the period for which refunds of ad valorem taxes may be recovered is the two-year period next preceding the filing of the action. See Thorn v. Jefferson County, 375 So.2d 780 (Ala. 1979).
In White v. Sims, 470 So.2d 1191 (Ala. 1985), this Court held that, as a general principle of law, the commencement of a class action tolls the running of the applicable limitations period as to the putative class until such time as an independent action is filed, or until the denial of class certification, whichever may occur first. Of specific importance to the present case, the Court explained:
 "On November 25, 1981, an action styled Mangum, et al. v. Eagerton, et al., was filed in the Circuit Court of Montgomery County, Alabama, Civil Action No. CV-81-1592-G. This lawsuit sought to establish a statewide class of plaintiffs against a statewide class of defendants, challenging the method used to determine current use valuation of land for ad valorem tax purposes as being contrary to Act No. 135, and further seeking a refund of excess taxes collected in the years 1979, 1980, and 1981.
 "At the time of the filing of the Mangum case, no notice was sent to the plaintiffs' class of the pendency of the action, nor was any notification ever given. Subsequent to the filing of Mangum, and without any opposition of the parties, the case was placed on the administrative docket pending a decision by this Court in the case of Eagerton v. Williams, 433 So.2d 436 (Ala. 1983).
 "After the Eagerton decision was rendered, the trial court on June 15, 1983, placed the Mangum
case back on the active docket and an order was entered *Page 846 
certifying Mangum as a statewide plaintiffs' class.
 "During the pendency of the Mangum case, the instant action, Sims v. White, was filed in the Circuit Court of Covington County, Alabama, on April 18, 1983. The complaint in Sims sought identical relief as that sought in Mangum, except that Sims sought to assert a class action on behalf of owners of eligible Class III property situated within Covington County and sought relief limited to Covington County, Alabama. This action was one of forty suits filed around the state seeking refund of taxes on the same grounds applicable to each county, on an individual basis. On June 28, 1983, the Covington County Circuit Court granted certification of a class consisting of 'all land owners in Covington County, Alabama owning an interest in eligible Class III property situated within the said county who applied for current use treatment for ad valorem tax purposes and who paid ad valorem taxes on their said property on or after November 23, 1979.'
 "The Mangum class was eventually decertified on May 2, 1984, after the trial court determined that it would be more appropriate to bring individual county actions rather than to maintain a statewide class action.
 "On June 7, 1984, the Covington County taxpayer class in Sims filed a motion for summary judgment, which was granted on September 19, 1984. The trial court found that the tax assessor in Covington County did not utilize values consistent with those set forth by this Court in Eagerton v. Williams, supra.
 "On appeal, defendants do not contest the validity of the method of valuation imposed on the property. Defendants' sole contention is that the trial court erred in ruling that the statute of limitations period was tolled by the filing of Mangum and continued tolled until the time of the filing of the instant complaint. We disagree, and hereby affirm.
 "The issue of whether the statute of limitations bars filing a separate class action after denial of class certification in the original action was addressed by this Court in First Baptist Church of Citronelle v. Citronelle-Mobile Gathering, Inc., 409 So.2d 727 (Ala. 1981). Relying upon the tolling principles espoused by the United States Supreme Court in American Pipe Construction Co. v. Utah, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), this Court in a plurality decision held that the statute of limitations period is tolled from the date of the commencement of the action until the date of denial of class certification, when the interests of putative class members are not adequately protected by the representative of the class or by the court. Id., 409 So.2d at 728.
 "This Court reasoned that unless the filing of a class action tolled the statute, the purpose of the class action procedure, Rule 23, Alabama Rules of Civil Procedure, would be frustrated:
 " 'The principal function of the class action — to avoid multiplicity in filing suits, motions and papers — will be defeated if the statute of limitations is not tolled in favor of the plaintiffs. A putative class member could protect his or her interests only by filing an individual action or intervening before the statute of limitations runs.' "
470 So.2d at 1192-93.
Burdeshaw alleged in his complaint that he, and the class he sought to represent, were entitled to recover for excess taxes that were paid in 1979, 1980, and 1981. The limitations period began to run when those taxes were paid; however, the running of the limitations period was tolled on November 25, 1981, whenMangum was filed. The period began to run again on May 2, 1984, when the Mangum class was decertified. The period ran for approximately 5 months and 3 days, until October 5, 1984, when it was again tolled by the filing of the action in Hollis. The period began to run again on April 11, 1989, when Hollis was dismissed, and it ran for approximately 2 months and 11 days, until the present action was filed on June 22, 1989. Thus, it is apparent that the statute was a bar to Burdeshaw's claim for a refund of any excess taxes that were paid in *Page 847 
1979. However, the statute was not a bar to Burdeshaw's claim for a refund of excess taxes that were paid in 1980 and 1981. Although the record is silent on the matter, payment for the taxable year 1979-80 would have been due on October 1, 1980, and payment would have been delinquent on January 1, 1981, see Ala. Code 1975, § 40-11-4; therefore, assuming that Burdeshaw, and the members of the class he sought to represent, paid their taxes on October 1, 1980, the earliest date on which they were legally obligated to pay them, only a little over 21 months of the limitations period would have run at the time this action was filed (i.e., October 1, 1980 (taxes paid — limitations period began to run), to November 25, 1981 (Mangum filed — running of the limitations period tolled), equals 13 months and 24 days; May 2, 1984 (Mangum class decertified — limitations period began to run again), to October 5, 1984 (Hollis filed — limitations period tolled again), equals 5 months and 3 days; April 11, 1989 (Hollis dismissed — limitations period began to run again), to June 22, 1989 (present action filed), equals 2 months and 11 days).
Based on the foregoing, it is clear that although the summary judgment was proper as to Burdeshaw's claim for a refund of excess taxes that were paid in 1979, it was not proper as to his claim for a refund of excess taxes that were paid in 1980 and 1981.
Finally, with respect to the third issue, we find no merit in the defendants' contention that the summary judgment was proper under Rule 41(b) for want of prosecution. The entry of a judgment for a defendant as a matter of law for want of prosecution is a drastic sanction. The general rule, of course, is that a court has the inherent power to act sua sponte to dismiss an action for want of prosecution. However, because dismissal, or, as here, the entry of a summary judgment, is such a drastic sanction, it is to be used only in extreme situations. Accordingly, this Court carefully scrutinizes any order terminating an action for want of prosecution, and it does not hesitate to set one aside when an abuse of discretion is found. Selby v. Money, 403 So.2d 218 (Ala. 1981); Smith v.Wilcox County Board of Education, 365 So.2d 659 (Ala. 1978). InSelby, this Court discussed the factors to be considered in reviewing the dismissal of an action for want of prosecution:
 "A dismissal for want of prosecution is within the discretion and inherent power of the trial court. Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). The granting of a dismissal will be reversed only if an abuse of discretion is shown. See Smith v. Wilcox County Board of Education, 365 So.2d 659 (Ala. 1978); 9 Wright Miller, Federal Practice Procedure § 2370 (1976) (2d ed.). Dismissal with prejudice is a harsh sanction and should be used only in extreme circumstances. Nevertheless, in every action there comes a point when the interest of the court in controlling its calendar and the risk to the defendant outweigh the interest in disposing of the litigation on the merits. See Dyotherm Corp. v. Turbo Machine Co., 392 F.2d 146, [(3rd Cir.)] on remand, 48 F.R.D. 380, appeal dismissed, 434 F.2d 65 (2d Cir. 1968).
 "In Alabama, and many federal courts, the interest in disposing of the litigation on the merits is overcome and a dismissal may be granted when there is a clear record of delay, willful default or contumacious conduct by the plaintiff. Smith v. Wilcox County Board of Education, 365 So.2d at 661. See, e.g., Boazman v. Economics Laboratory, Inc., 537 F.2d 210 (5th Cir. 1976); Pond v. Braniff Airways, 453 F.2d 347 (5th Cir. 1972). Willful default or conduct is a conscious or intentional failure to act. Welsh v. Automatic Poultry Feeder Co., 439 F.2d 95 (8th Cir. 1971). 'Willful' is used in contradistinction to accidental or involuntary noncompliance. No wrongful motive or intent is necessary to show willful conduct."
403 So.2d at 220-21. In Smith, this Court wrote:
 "The controlling issue here is whether, pursuant to Rule 41(b), ARCP, the trial judge abused his discretion in dismissing *Page 848 
the action with prejudice. Because the Alabama and Federal rules are virtually verbatim, 'a presumption arises that cases construing the Federal Rules are authority for construction of the Alabama Rules.' Assured Investors Life Insurance Co. v. National Union Associates, Inc., 362 So.2d 228 (Ala. 1978).
 "The general rule, of course, is that a court has the inherent power to act sua sponte to dismiss an action for want of prosecution. Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734
(1962). However, since dismissal with prejudice is a drastic sanction, it is to be applied only in extreme situations. Brown v. Thompson, 430 F.2d 1214 (5th Cir. 1970); Durham v. Florida East Coast Ry. Co., 385 F.2d 366 (5th Cir. 1967).
 "Therefore, appellate courts will carefully scrutinize such orders and occasionally will find it necessary to set them aside. 9 Wright Miller, Federal Practice Procedure, § 2370, p. 203, n. 1; see, e.g., Connolly v. Papachristid Shipping, Ltd., 504 F.2d 917 (5th Cir. 1974); Flaksa v. Little River Marine Construction Co., 389 F.2d 885 (5th Cir.), cert. den., 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968).
 "The Fifth Circuit Court of Appeals follows the rule that a trial judge may dismiss with prejudice an action 'only in the face of a clear record of delay or contumacious conduct by the plaintiff.' Durham v. Florida East Coast Ry. Co., supra, followed in Pond v. Braniff Airways, Inc., 453 F.2d 347 (5th Cir. 1972); Boazman v. Economics Laboratory, Inc., 537 F.2d 210 (5th Cir. 1976). Several other circuits follow that rule. See 9 Wright Miller, Federal Practice Procedure, § 2369, p. 194-95, n. 70. Other courts refer to a 'serious showing of willful default.' Gill v. Stolow, 240 F.2d 669 (2nd Cir. 1957); Dabney v. Burrell, 67 F.R.D. 132 (D.Md. 1975).
 "Consequently, it appears that the plaintiff's conduct must mandate the dismissal. Brown v. Thompson, supra. On the record before us there is no such conduct. It does not appear there was any 'contumacious conduct,' or any 'serious showing of willful default,' or a 'clear record of delay.' Although there appeared to be a long period of inactivity from 1966 to 1973, nevertheless within the eleven months before the dismissal the defendants filed interrogatories, the parties reconstructed the record, and the plaintiff's attorney had tried to have a hearing set on the case.
". . . .
 "Finally, appellees argue that a lengthy period of inactivity may be sufficient to justify dismissal. First, as noted before, there was activity in this case preceding the dismissal: even where there has been a period of inactivity, present diligence has barred dismissal. Raab v. Taber Instrument Corp., 546 F.2d 522 (2d Cir. 1976); Morales v. Lionel Corp., 439 F. Supp. 53
(S.D.N.Y. 1977); United States v. Myers, 38 F.R.D. 194 (N.D.Cal. 1964). Second, the rule is that a lengthy period of inactivity may justify dismissal in the circumstances of a particular case. Thus, a period of inactivity is generally coupled with some other act to warrant the severe penalty of dismissal. See, e.g., Link v. Wabash R. Co., supra
(inactivity coupled with [six years of protracted litigation and] counsel's failure to appear at a pre-trial conference); Forest Nursery Co. v. Crete Carrier Corp., 319 F. Supp. 213 (E.D.Tenn. 1970) (failure of defendant to answer a summons 6 months after required by statute); Delta Theatres, Inc. v. Paramount Pictures, Inc., 398 F.2d 323 (5th Cir.), cert. den., 393 U.S. 1050, 89 S.Ct. 688, 21 L.Ed.2d 692 (1968) (failure to obey court order coupled with lapse of activity for 14 years)."
365 So.2d at 661-62 (emphasis in original).
The record in the present case does not show that Burdeshaw's conduct warranted the entry of a summary judgment for the defendants. It does not appear that there was a "clear record of delay," a "serious showing of willful default," or "contumacious conduct," on the part of Burdeshaw. Shortly after filing this action, Burdeshaw filed a motion for a summary judgment, *Page 849 
supported by the deposition of one of the defendants. Shortly thereafter, the defendants filed a cross-motion for summary judgment, and both motions were consolidated and scheduled for a hearing. Although, as the defendants point out, Burdeshaw's attorneys failed to appear at the December 4, 1989, hearing, and then waited approximately 10 months before attempting to have another hearing scheduled, we do not think that the drastic sanction imposed by the trial court was warranted. Under the rationale of Smith, supra, even though there was a lengthy period of inactivity in the present case, approximately 10 months, compared to approximately 7 years in Smith, that period of inactivity was not sufficient to support the entry of a judgment for the defendants. Here, as in Smith, there was activity on the part of the plaintiff within the approximately 11-month period prior to the entry of the judgment (during that period Burdeshaw filed a motion for a summary judgment and a motion to reschedule the hearing). Although we hasten to point out that we do not condone an attorney's unexcused failure to appear at a scheduled hearing, we do not think that the failure of Burdeshaw's attorneys to appear at the December 4, 1989, hearing, when considered with the other circumstances surrounding this case, was sufficient to show a failure to prosecute so as to warrant the entry of a judgment for the defendants as a matter of law. Furthermore, because the trial court certified this action as a class action, not only the vital interests of Burdeshaw but also those of the individual members of the class are at stake. As previously noted, the record shows that Burdeshaw moved to have another hearing scheduled to consider his motion for a summary judgment. Although there may come a point in an action when the interest of the court in controlling its calendar and the risk of prejudice to the defendant outweigh the interest in disposing of litigation on the merits, Selby, supra, that point was not reached in this case.
We note that we have fully considered Dillard v. SouthernStates Ford, Inc., 541 So.2d 483 (Ala. 1989), as well as other cases where judgments for the defendants were held to be proper on the ground of want of prosecution, and that we consider the plaintiffs' conduct in those cases to be distinguishable from the conduct exhibited by Burdeshaw in the present case.
For the foregoing reasons, we hold that the summary judgment, insofar as it relates to Burdeshaw's claim for a refund of excess taxes paid in 1979, was proper and, therefore, to that extent, it is due to be affirmed. We further hold, however, that insofar as the summary judgment relates to Burdeshaw's claim for a refund of excess taxes paid in 1980 and 1981 it was improper and, consequently, that it is due to be reversed and the case remanded for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and MADDOX, KENNEDY and INGRAM, JJ., concur.