This is certainly a better reasoned and a better written opinion than the opinion released on August 30, 1991. However, I readopt my "concurring in part and dissenting in part opinion."
I concur in part and dissent in part. Using our standard of review and applying the law to the facts considered in a light most favorable to the plaintiffs, the non-movants, I am of the opinion that the trial court did not err in dismissing this action insofar as these plaintiffs are concerned.
In my opinion, the majority's finding that Mr. Elgin is equitably excused from being a policyholder of Alfa Mutual is wrong and contrary to the holdings in Ex parte Blue Cross Blue Shield of Alabama, 582 So.2d 469 (Ala. 1991); 1 Newburg onClass Actions, p. 190 (1977); General Telephone Co. of theSouthwest v. Falcon, 457 U.S. 147, 102 S.Ct. 2364,72 L.Ed.2d 740 (1982); East Texas Motor Freight System, Inc. v. Rodriguez,431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977); Schlesingerv. Reservists Committee to Stop the War, 418 U.S. 208,94 S.Ct. 2925, 41 L.Ed.2d 706 (1974).
The section of the majority opinion styled "Rule 23.1 and shareholder demand" is incomprehensible to me; or, if I do comprehend it, it is wrong. In my opinion, that portion of the trial court's order styled "Demand on Policyholders" is legally correct and factually supported, even considering the facts in the light most favorable to the plaintiffs.
The brevity of my dissent, which is unusual in and of itself, is not that I in any way make light of the excellent briefs or the challenging oral arguments of the attorneys for the parties, but due only to the fact that after having read and reread the briefs, having reviewed my notes taken during oral arguments, and having given this case much deep thought, I believe that the trial court correctly decided this matter. The trial court's action in no way would preclude other policyholders, who would fairly and adequately represent the policyholders of any of the mutual companies, or other stockholders who would fairly and adequately represent the shareholders of the corporations from pursuing this matter by complying with Rule 23.1, A.R.Civ.P. Burdeshaw v. White,585 So.2d 842 (Ala. 1991). *Page 827