MONROE, Judge,
dissenting.
I would reverse the judgment of the trial court; therefore, I must respectfully dissent.
“ ‘Dismissal with prejudice is a harsh sanction and should be used only in extreme circumstances.’ ” Burdeshaw v. White, 585 So.2d 842, 847 (quoting Selby v. Money, 403 So.2d 218, 220 (Ala.1981)). In Burdeshaw, Justice Houston wrote favorably of the Fifth Circuit Court of Appeals’ rule that allows a trial court to dismiss an action “only in the face of a clear record of delay or contumacious conduct by the plaintiff.” Burdeshaw, supra at 848. Contumacious conduct is that conduct which is obstinately disobedient or rebellious. I do not believe the plaintiffs conduct rises to that level in this case.
The record shows that the reason that the plaintiff did not attend the pre-trial conference was because he did not receive notice of the conference. The trial court dismissed the action for the plaintiffs failure to attend the pre-trial conference, but it reinstated the case on the plaintiffs motion. The trial court entered its order reinstating the case just one week from the date set for trial. Upon receiving the trial court’s order, (with only four days remaining until the case was set for trial) the plaintiff moved to continue the trial. The trial court did not rule on that motion.
I agree that the plaintiff should not have assumed that his motion to continue had been granted, and he should have checked with the trial court as to the status of the motion. But I do not think that the plaintiffs conduct was so contumacious as to warrant a dismissal.
I believe that the trial court abused its discretion in dismissing this action, and not deciding it on its merits. Because I would reverse the judgment of the trial court, I must respectfully dissent.