DONALDSON, Judge.
Nathan Edwards appeals the judgment of the Montgomery Circuit Court (“the trial court”) dismissing an action he had commenced for lack of prosecution. We hold that the circumstances of this case do not show such an unreasonable delay as to warrant a dismissal of Edwards’s action against Chad Wallis Hanger, the only defendant who has been served with process. The other defendants were never served with process, and Edwards does not challenge the judgment insofar as it dismisses his claims against them. We therefore reverse the judgment insofar as it dismissed Edwards’s claim against Hanger.

*995
Facts and Procedural History

On September 8, 2014, Edwards filed a complaint in the trial court against Hanger, Erica Christian, and three fictitiously named defendants, seeking damages resulting from an automobile collision. According to the complaint, on or about September 23, 2012, Hanger operated the motor vehicle that struck the motor vehicle that Edwards was operating. Edwards alleged that the collision was the result of Hanger’s negligence and wantonness and that, as the owner of the motor vehicle operated by Hanger, Christian negligently or wantonly allowed Hanger to use her motor vehicle. Edwards never amended the complaint to identify the fictitiously named defendants.
According to the record, service of process on Hanger and Christian was atr tempted, but, on October 15,2014, a return of nonservice was filed with regard to Hanger and Christian. On February 6, 2015, the trial court entered an order stating that “[Edwards] is given 30 days to effect service of process or the case will be dismissed without prejudice.” On February 26, 2015, Edwards filed a motion to extend the time to complete service of process. In the motion, Edwards asserted that he had hired a special process server to perfect service on Hanger and Christian but that he was uncertain whether service would be perfected by the deadline imposed by the trial court. On February 26, 2015, the trial court denied Edwards’s motion to extend the time to complete service of process.
According to the record, service of process was perfected on Hanger on March 6, 2015. There is no indication in the record that service of process was ever perfected on Christian,
On May 28, 2015, the trial court entered a judgment stating as follows: “This action is dismissed without prejudice for want of prosecution.” There is no indication that the action had been called for trial, nor were there any other orders entered by the trial court between the denial of Edwards’s request to extend the time to perfect service and the entry of the judgment dismissing the action. On May 29, 2015, Edwards filed a motion to reconsider, alter, amend, or vacate the judgment insofar as it dismissed the action as to Hanger, pointing out that Hanger had been served on March 6, 2015. On that same day, Edwards filed a motion for the entry of a default judgment against Hanger based on Hanger’s failure to enter an appearance. Edwards requested a judgment in the amount of $12,841 in damages for the cost of repairs to his motor vehicle.'
On June 1, 2015, the trial court denied Edwards's motion to reconsider, alter, amend, or vacate the judgment and his motion for the entry of a default judgment. On July 7, 2015, Edwards filed a notice of appeal to the Supreme Court of Alabama, which transferred the appeal to this court pursuant to § 12-2-7, Ala.Code 1975.

Discussion

The judgment stated that the action was “dismissed without prejudice for want of prosecution.” See Rule 41(b), Ala. R. Civ. P. '(providing that a dismissal “[f]or failure of the plaintiff to prosecute” “operates as an adjudication on the merits,” “[ujnless the court in its order for dismissal otherwise specifies”). The dismissal of an action without prejudice ordinarily lacks sufficient finality to support an appeal. Palughi v. Dow, 659 So.2d 112, 113 (Ala.1995). We note, however, that “when the applicable -statute of limitations would bar a subsequent action, the dismissal becomes, in effect, a dismissal with prejudice.” Guthrie v, Alabama Dep’t of Labor, 160 So.3d 815, 816-17 n. 2 (Ala.Civ.App.2014) (citing Boone v. Bill’s Dollar Stores, Inc., 828 So.2d 320, 322 (Ala.Civ.App. *996 2002)). After the trial court’s dismissal of the action on May 28, 2015, the applicable statute of limitations in this case, § 6-2-38(Z), Ala.Code 1975, would bar a subsequent' action if a defendant asserted it. See Davison v. Pogue, 735 So.2d 1240, 1242 (Ala.Civ.App.1999) (“[The] two-year limitations period applies to actions based upon collisions arising from alleged negligence in the operation of a motor vehicle.”). Therefore, the judgment is final for purposes of appellate review.
We review the judgment to determine whether the circumstances of the case warranted a dismissal for lack of prosecution.
“Rule 41(b)[, Ala. R. Civ. P.,] provides for the involuntary dismissal of an action upon ‘failure of the plaintiff to prosecute or to comply with [the Alabama Rules of Civil Procedure] dr any order of [the] court.’ The failure of a plaintiff to attempt service on a defendant within a reasonable time may amount to a failure to prosecute the action, thus warranting a dismissal of the case. Hill v. Hawkins, 582 So.2d 1105, 1106 (Ala.1991); Crosby v. Avon Products, Inc., 474 So.2d 642, 644 (Ala.1985); and State v. Horton, 373 So.2d 1096, 1097 (Ala.1979).
“Cases interpreting ■ Rule -41(b) have held that the trial court has the inherent power to sua sponte dismiss an action for want of prosecution. Wal-Mart Stores, Inc. v. Caples, 646 So.2d 1328, 1330 (Ala.1994); Burdeshaw v. White, 585 So.2d 842, 847 (Ala.1991); and Atkins v. Shirley, 561 So.2d 1075, 1077 (Ala.1990). A Rule 41(b) dismissal is within the sound- discretion of- the trial court: and will be reversed only- for an abuse of that discretion. Atkins v. Shirley, 561 So.2d at 1077; and Riddlesprigger v. Ervin, 519 So.2d 486, 487 (Ala.1987). However, dismissal with prejudice is a drastic sanction that should be imposed only under extreme circumstances. Hodge v. R & R Movers, 716 So,2d 740, 742 (Ala.Civ.App.1998). . In reviewing the trial court’s dismissal of an action, we.must determine whether the ruling is supported by the evidence contained in the record. Nash v. Cosby, 597 So.2d 209, 210 (Ala.1992); Atkins v. Shirley, 561 So.2d at 1077; and Riddlesprigger v. Ervin, 519 So.2d at 487.”
Coulter v. Stewart, 726 So.2d 726, 728 (Ala.Civ.App.1999).
Edwards concedes that the trial court properly dismissed the action as to Christian, and'he makes no arguments regarding the dismissal insofar as it applies to the fictitiously named defendants. “When an appellant fails to argue an issue in its brief, that issue is waived.” Boshell v. Keith, 418 So.2d 89, 92 (Ala.1982). We therefore need not address the trial court’s dismissal of the action as to Christian and the fictitiously named defendants.
Regarding the dismissal insofar as it applies to the defendant who was served, Hanger, we must determine if the record supports the judgment.
“ ‘In Alabama, and many federal courts, the interest in disposing of the litigation on the merits is overcome and a dismissal may be granted when there is a clear record of delay, willful default or contumacious conduct by the plaintiff. Smith v. Wilcox County Board of Education, 365 So.2d [659,] 661 [ (Ala;i978) ]. See, e.g., Boazman v. Economics Laboratory, Inc., 537 F.2d 21Ó' (5th Cir.1976); Pond v. Braniff Airways, 453 F.2d 347 (5th Cir.1972). Willful default or conduct is a conscious or intentional failure to act. Welsh v. Automatic Poultry Feeder Co., 439 F.2d 95 (8th Cir.1971). “Willful” is used in contradistinction to accidental or involuntary noncompliance. No wrongful motive or intent is necessary to show willful conduct.’ ”
*997 Burdeshaw v. White, 585 So.2d 842, 847 (Ala.1991) (quoting Selby v. Money, 403 So.2d 218, 220-21 (Ala.1981)). The trial court gave Edwards 30 days from February 6, 2015, to perfect service. Edwards complied with the order as to Hanger by perfecting service on him within the 30-day deadline. Edwards’s failure to seek an entry of default and a default judgment against Hanger between April 6, 2015 (31 days following service and the date Hanger’s answer was due, see Rule 12(a), Ala. R. Civ. P., and Rule 6(a), Ala. R. Civ. P.), and May 28, 2015 (the date of the judgment dismissing the action), was not in violation of any court order and did not constitute a “ ‘clear record of delay, willful default or contumacious conduct.’” Burdeshaw, 585 So.2d at 847. We therefore reverse the judgment of dismissal as to Hanger and remand the cause to the trial court for proceedings consistent with this opinion. ■
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, THOMAS, arid MOORE) JJ., concur.