EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a divorce case.
The wife’s complaint and the husband’s counterclaim each sought a divorce on the ground of incompatibility. After an ore tenus trial, the circuit court divorced the parties. The final judgment awarded to *916 the wife two automobiles and all household furniture, equipment, furnishings and appliances situated in the marital residence. She was granted $372 each month as periodic alimony. It was further ordered that the jointly-owned home of the parties be sold and that certain debts, including $500 as a fee for the wife’s attorney, be paid out of the sale proceeds, with the remainder to be divided equally between the parties. A second mortgagee was enjoined from the foreclosure of its mortgage, the collateral of which being the marital home, the two automobiles and the home’s furnishings. The trial court also made an order of continuing income withholding for support.
After his motion to alter, amend or vacate the judgment was overruled, the husband duly appealed. He raises four issues for our consideration:
I.
The trial court’s divorce judgment involved no minor children, and it made no provision for child support. Nevertheless, an order of continuing income withholding for support was contained therein. Under the code sections which authorize continuous withholding of income by employers for such purpose, the support so ordered must be for a minor child. § 30-3-60(8), Code of Alabama 1975. Accordingly, those code sections have no application to the divorce judgment in this case. By that aspect of the judgment, no amount is ordered withheld from the husband's income, because no child support is involved or even mentioned in the judgment. Thus, the order for continuing income withholding, while erroneously included in the judgment, resulted in no prejudice to the husband, has no force and effect and is harmless error. Rule 45, A.R.A.P.; Rule 61, A.R.Civ.P.
II.
The husband argues against an award of an attorney’s fee to the wife’s attorney.
The $500 award of an attorney’s fee was to be paid out of the proceeds of the sale of the marital residence and could be construed as a fee for a sale for a division. The property was later advertised for sale by the register on two separate occasions, but, since no bids were received on either date, no sale for a division occurred for which the fee was due and from which the fee was to be paid. Because of the lack of bids, the trial court subsequently lifted the injunction which had prohibited the second mortgagee from foreclosing its mortgage.
We find no reversible error regarding the fee.
III.
The husband contends that the trial court awarded an excessive amount of periodic alimony to the wife.
While garnishments of military retirement benefits are limited to a maximum of fifty percent of the benefits, there is no prohibition that an amount which exceeds one-half of military retirement benefits cannot be awarded as periodic alimony. If awarded in more than one-half of military retirement benefits, garnishment to collect such periodic alimony would be restricted to only one-half of such benefits.
The parties are in their mid-fifties. They raised their five children to adulthood. The wife worked for about ten years during this marriage, which lasted for thirty-two years. The husband pleaded guilty in August 1984 to sodomy in the first degree, an eight-year-old granddaughter of the parties being the victim. He received a twenty-one year sentence for that offense, and his basic needs will be met during his incarceration. His present expenditures at the prison amount to about $10 each week. He draws net military retirement benefits of either $650.50 or $628.31 per month and was also being paid $64 each month by the Veterans Administration for a disability. He contends that such disability payments should be $122 each month. The wife testified as to her needs. Her net wages amount to $226 every two weeks.
The evidence was heard orally by the trial court, and its holding as to periodic alimony is presumed to be correct and *917 can be set aside on appeal only if it was so unsupported by the evidence as to be palpably wrong or if the trial court abused its discretion in that award. Burns v. Burns, 473 So.2d 1085 (Ala.Civ.App.1985). Depending upon a spouse’s misconduct, a trial court has the right either to make or not to make a particular allowance of periodic alimony to the other spouse as the circumstances of the case may justify. § 30-2-52, Code 1975.
We find that the evidence supports and justifies the award of periodic alimony as made by the trial court. That decision of the trial court was not palpably wrong and did not constitute an abuse of discretion.
IV.
In November 1984 the husband filed his motion that he be examined medically. He averred that he had substantial and compelling cause to believe that the wife administered poison to him during the last few months of their marriage and that appropriate tests administered through a hospital or other medical facility would detect traces of the poison if they were timely conducted; that poison and traces thereof could dissipate with the passage of time; that the Department of Corrections will not allow such tests to be performed without an order of court so directing; and that there is a threat of irreparable harm and prejudice to his interests in the divorce case if the tests are not immediately ordered. He did not request a hearing on that motion until the case was tried in February 1985. At the conclusion of the testimony, his motion was denied by the trial court.
Able counsel for the husband argues that the trial court should have authorized the husband to obtain the requested medical tests. He did not argue at any time before the trial court, not even in his Rule 59, A.R.Civ.P. motion, that he was deprived of due process and equal protection of the law by the denial of that motion. Rather, he raises those constitutional issues for the first time on appeal. The rule is that an Alabama appellate court generally will not consider constitutional challenges which were not presented at the trial court level. Woodham v. Woodham, 387 So.2d 150 (Ala.1980).
The only valid supportive evidence as to the motion was the husband’s testimony that he was sick from in July 1983 until in March 1984. His symptoms were severe cramps, vomiting, weakness of the legs, loss of balance and upset bowels. He did not consult a physician about those problems. The other profferred evidence was either pure hearsay or called for expert opinion evidence, which the husband was not prepared to present. The trial court properly sustained objections thereto. C. Gamble, McElroy’s Alabama Evidence, § 128.09, at 278 (3d ed. 1977).
We do not find that the trial court abused its discretion in overruling the husband’s motion.
Finding no reversible error as to any argued issue, we affirm.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.