EDWARD N. SCRUGGS, Retired Circuit Judge.
The 1986 judgment which divorced the parties ordered the husband to pay to the wife $300 per month as child support and $450 each month as periodic alimony. Jurisdiction was retained to enter a wage withholding order. In July 1987, the former wife filed a motion which sought an adjudication that the former husband was in contempt of court because he failed to pay a portion of the periodic alimony. She also prayed that the alimony be paid through a continuing income withholding order issued to the former husband’s employer. After an ore tenus trial, a judgment was rendered which, among other matters, awarded a judgment against the former husband for $1,964 for his alimony arrearage and for bills which he had previously been ordered to pay but which he had not satisfied. Alimony was reduced to $375 per month and a continuing income withholding order was ordered issued. Such order was issued by the trial court on the same date. It directed the former husband’s employer to withhold from that employee’s wages his current monthly alimony of $375 and $150 each month on his alimony arrearage. The former husband filed an objection to the issuance of the continuing income withholding order and, upon that objection being overruled by the trial court, the former husband timely appealed and, in the alternative, sought an extraordinary writ.
The original legislative act which first authorized orders for continuing withholding of income by employers applied only where the ordered support was for a minor child. Foster v. Foster, 487 So.2d 915 (Ala.Civ.App.1985). By an amendment which became effective on January 1, 1986, continuing withholding of income by employers for an employee’s spousal support was also authorized “when such spousal support is collected by the department of human resources or the department’s desig-nee pursuant to the requirements of Title IV-D of the Social Security Act.” Section 30-3-60(8), Ala.Code 1975. After January 1, 1986, such withholding of income for spousal support is only authorized where it is collected by the department, or its desig-nee, pursuant to those specific provisions of the Social Security Act. That exception does not here apply, and the former husband’s periodic alimony obligation cannot be enforced by an order for continuing withholding of income.
The former wife does not argue against the above interpretation of the statutory law governing the issuance of a continuing withholding of income order. However, she contends through her able counsel that, even though the trial court may have erroneously described its statutory authority, the trial court’s order was “clearly a valid order” for the garnishment of wages issued on sworn testimony concerning ar-rearages of alimony, and she then argues that the trial court has the equitable power to issue such a garnishment order to enforce its own decrees. We have not been cited to any authority which would validate the trial court’s judgment as being one for *464 the garnishment of wages. We are not aware of any authority for a trial court to issue an ordinary writ of garnishment without there first having been a compliance with the procedural provisions which govern such issuance. Accordingly, we do not accept the argument that the trial court issued a valid garnishment order.
The learned trial court erred when it ordered the issuance of, and issued, the order for the continuing withholding of the former husband’s income for spousal support.
The former wife has remedies, including the use of normal garnishment procedures, in attempting to collect the judgment for alimony arrearage, as well as for any subsequent past due alimony payments. Ex parte Morgan, 440 So.2d 1069 (Ala.1983).
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.