Ronald Burton filed a claim for unemployment compensation with the Department of Industrial Relations and was determined to be eligible for benefits by a claims examiner. That decision was subsequently reversed by an appeals referee, and Burton's application for leave to appeal was denied. Burton then appealed to the circuit court for a trial de novo.
On the date set for trial, Burton did not appear in court, and the trial court dismissed the case. Burton filed a motion to vacate the judgment and to grant a new trial, along with his affidavit, stating that he arrived at the Lee County Justice Center prior to the time set for his trial to begin, but mistakenly went to the wrong courtroom and waited for his attorney. The trial court entered an order on Burton's post-judgment motion which stated that Burton's attorney appeared for trial and informed the court that his client had not appeared in the attorney's office as instructed, that the case was held for a short period of time to allow the attorney to locate his client, and that when Burton could not be located, the case was dismissed. The trial court then denied the motion to vacate the judgment.
Dismissal of an action under Rule 41(b), Alabama Rules of Civil Procedure, is within the discretion of the trial court and will not be reversed absent an abuse of that discretion.Nash v. Cosby, 597 So.2d 209 (Ala. 1992). However, dismissal is a drastic sanction and is to be applied only in extreme situations. Cabaniss v. Wilson, 501 So.2d 1177 (Ala. 1986). Furthermore, the trial court may dismiss an action with prejudice, only where there is a clear record of delay or contumacious conduct by the plaintiff or a serious showing of willful default. Id; Smith v. Wilcox County Board of Education,365 So.2d 659 (Ala. 1978).
The facts in this case do not justify dismissal. Burton's affidavit indicates that he was present in the courthouse at the time of trial, but that he mistakenly appeared in the wrong courtroom. In addition, the appeal to circuit court was filed in March and trial was scheduled for the following July, only four months after Burton filed his appeal. Based on the record before this court, there does not appear to be any undue delay, contumacious conduct, or willful default by Burton. Therefore, the judgment is due to be reversed and the cause remanded for further proceedings.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur. *Page 816