The sole issue on appeal is whether the trial court abused its discretion in dismissing this case.
Anthony White was a custodian for the Jasper City Board of Education. He was *Page 17 
terminated pursuant to the Fair Dismissal Act, §§ 36-26-100
through -108, Code 1975. In accordance with the Act, a pre-termination hearing was held before the Board, and a de novo hearing was held before an employee review panel.
On October 28, 1991, prior to the conclusion of the review panel's hearing and the issuance of its decision, White filed a Complaint for Declaratory and Injunctive Relief, Damages, and Certiorari in the Circuit Court of Walker County. The complaint was subsequently amended on December 17, 1991.
The court entered a pre-trial order on January 31, 1992. Pursuant to the order, the Board filed its designation of witnesses and exhibits on March 26, 1992. White failed to file anything.
On April 6, 1992, the date set for trial, White filed a Petition for Certiorari, which was ultimately consolidated with his earlier complaint. The trial date was rescheduled for July 6, 1992. At the request of White, the July 6, 1992, trial setting was continued until November 2, 1992.
On November 2, 1992, counsel for White and the Board met in chambers and agreed that the case would be submitted on briefs. The court set early January 1993 as the due date for White's brief, and a month later for the due date of the Board's response.
On January 25, 1993, counsel for the Board wrote a letter to White's counsel, requesting notification of his intention to file a brief and, if intended, when such brief might be expected. White's counsel failed to respond. The trial setting was subsequently rescheduled for May 3, 1993.
On May 2, 1993, White's counsel telephoned the Board's counsel, requesting that the Board agree to certain stipulations. Counsel for the Board refused the request because the proffered stipulations did not comply with the terms of submission that were determined in the November 2, 1992, conference.
We are unable to ascertain from the record what, if anything, transpired on May 3, 1993. However, on May 5, 1993, the trial court dismissed the action, noting that White's counsel had been unresponsive to the court's multiple inquiries regarding his brief.
On June 4, 1993, White filed a motion to vacate the order of dismissal. Following argument of counsel on the motion, the court refused to vacate its previous order of dismissal. White appeals.
Rule 41(b), A.R.Civ.P., provides that an action may be dismissed "for failure of the plaintiff to prosecute or to comply with these rules or any order of the court." Trial courts have the authority to dismiss an action for want of prosecution on their own volition. Henderson v. G GCorp., 582 So.2d 529 (Ala. 1991).
Although a Rule 41(b) dismissal is a harsh sanction, it is warranted when there is a "clear record of delay, willful default or contumacious conduct of the plaintiff." Selby v.Money, 403 So.2d 218 (Ala. 1981). "No wrongful motive or intent is necessary to show willful conduct." Selby.
A Rule 41(b) dismissal is a matter within the discretion of the trial court and will be reversed on appeal only if an abuse of discretion is shown. Henderson.
In view of the lengthy delay in White's filing of his brief, his failure to adhere to the trial judge's scheduling order, and his failure to submit his brief even after being contacted by the trial judge, we are unable to find an abuse of discretion in the dismissal of the action.
Finding no error, we affirm the judgment of the trial court.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur. *Page 18