YATES, Judge.
The parties were divorced in 1980. In 1987, the wife petitioned for a rule nisi, claiming that the husband was in arrears in child support and alimony payments. The case remained inactive for 180 days and was dismissed by the trial court. The case was reinstated in October 1991 and placed on the administrative docket, where it remained until November 1992, when, on the wife’s motion, it was transferred to the trial docket. After various pretrial proceedings, the case was finally set for a hearing on April 6, 1994. Neither the wife nor her attorney was present at the hearing. The court dismissed the ease with prejudice, pursuant to Rule 41(b), Ala.R.Civ.P. The wife moved to reinstate the case, claiming that neither she nor her attorney had been notified of the hearing. The court denied her motion; she appeals.
We conclude, after reviewing the record, that there was no reversible error by the trial court. The dismissal of a case for want of prosecution, as well as a subsequent refusal to set aside the dismissal, is within the sound discretion of the trial court, and this court will reverse only if the trial court has abused that discretion. Bowman v. Slade, 501 So.2d 1236 (Ala.Civ.App.1987). The trial court did not abuse its discretion in dismissing the case for want of prosecution. This case was originally placed on the court’s docket in 1987, seven years ago. When it was finally set for a hearing, the wife and her attorney failed to appear. The wife claims that she did not receive notice of the hearing. It is well settled that a party “has a duty to follow the status of his own case.” Id. Additionally, the trial court verified that notice *219 was sent to the address that had been provided to the court.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.