YATES, Judge.
Patricia L. Duncan sued Sikorsky Support Services in May 1994, seeking workers’ compensation benefits. In April 1997, the trial court noted in its case action summary that there had been no activity in the case for over one year. On May 6, 1997, the court set the case for trial on June 27, 1997. The court specifically stated: “The parties are notified that this case will not be continued except under very special circumstances. Needing additional time to complete discovery will not be considered reasonable grounds [on] which to obtain a continuance.”
On June 25, 1997, Sikorsky’s attorney sent a letter, by facsimile transmission, to the judge, confirming his telephone conversation with the judge’s legal assistant. The letter stated, in part:
“Please be advised that both [Duncan’s attorney] and I have tried to obtain a physical impairment rating. All parties ... have attempted to obtain the impairment rating from the physician.... It is necessary to obtain this rating to proceed and/or settle this case. We have done everything possible, but to no avail. The parties even contacted a mediator to schedule the mediation of this matter, but the mediator advised that he could not proceed with the mediation without knowing the impairment rating.
“As you know this case is scheduled for trial on Friday, June 27th. Both parties want to make sure your Honor is aware of the situation involved. We do not want you to think we are not attempting to reach a resolution in this matter. As soon as the impairment rating in this case is obtained, it is a very good possibility that this case will be able to settle. If your Honor has any questions or would like to discuss this prior to Friday, please feel free to contact us.”
Also on June 25, 1997, Duncan’s attorney telephoned the clerk’s office to state that he had never received a copy of the hearing order, that he had just learned from the opposing attorney of the trial date, and that he was scheduled to be in court on June 27 in another county. Duncan’s attorney then sent the judge a letter, by facsimile transmission, informing the judge that he had just received notice of the trial date and that he needed additional time to prepare for trial. Neither Duncan nor her attorney appeared on the date ordered for trial. The court dismissed the case, stating:
“The defendant’s witness(es) appeared, as did the defendant’s attorney. Neither the plaintiff nor plaintiffs attorney appeared. The court had by earlier ‘order’ advised all parties that the case would not be continued.
“For failure to appear and prove her case, plaintiffs complaint is ordered dismissed.”
On July 18,1997, Duncan filed a “Motion to Reinstate,” with a supporting affidavit from Jamie Craft, who works in the office of the circuit clerk. That motion, fairly to be taken as a Rule 59(e), Ala. R. Civ. P., motion, was denied by operation of law; see Rule 59.1. Duncan appeals.
The sole issue is whether the court abused its discretion in dismissing this case.
Ms. Craft’s testimony by affidavit confirmed that Duncan’s attorney had spoken with her on June 25 and that she had informed him that his copy of the hearing order had been sent to an incorrect address, but had not been returned “unclaimed.” She further testified:
“When the conversation was over he said he was going to mail us a copy and fax [the judge] a letter explaining what had happened.
“On June 26, 1997, the following day, we received a letter from [Duncan’s attorney] addressed to [the judge]. We *615 filed the letter in and placed it in the file. The letter was tabbed [by use of a yellow stick-on note page] and the file was put in [the judge’s] stack of files that were set for the following day.
“On June 27, 1997, in the a.m., before [the judge] arrived for court, [Duncan’s attorney] called, wanting to know if we had received the letter. I pulled the file and informed him that we had received it. He wanted me to leave a message for Kimberly ([the judge’s] legal assistant) to call him as soon as possible.
“On the date of the hearing, [the judge] dismissed the case.”
On June 27, 1997, Duncan’s attorney wrote a letter to the judge, stating that he had learned from Sikorsky’s attorney that the ease had been dismissed and asking the court to reconsider the dismissal. Duncan’s attorney stated, among other things, that he had spoken the previous evening with Sikorsky’s attorney, who, he said, “had told me he would be there [at the hearing] to further explain the situation.”
Rule 41(b), Ala. R. Civ. P., provides that an action may be dismissed “for failure of the plaintiff to prosecute or to comply with these rules or any order of the court.” Trial courts have the authority to dismiss an action for want of prosecution on their own volition. White v. Jasper City Bd. of Educ., 644 So.2d 16 (Ala.Civ. App.1994).
Although a Rule 41(b) dismissal is a harsh sanction, it is warranted when there is a clear record of delay, willful default, or contumacious conduct of the plaintiff. Id. No wrongful motive or intent is necessary to show willful conduct. Id.
A Rule 41(b) dismissal is a matter within the discretion of the trial court and will be reversed on appeal only if an abuse of discretion is shown. Corte v. Corte, 664 So.2d 218 (Ala.Civ.App.1994).
We conclude, after reviewing the record, that there was no reversible error by the trial court. Duncan had knowledge of the trial date and failed to appear. The record indicates that Duncan’s attorney disregarded the court’s order setting the case for trial, in anticipation that his letter and telephone calls to the court and its employees would be sufficient to have the court continue the action or at least revisit its decision to dismiss the action. Our Rules of Civil Procedure do not allow for such a course of action. Duncan’s attorney simply disregarded the court’s May 6, 1997, directive.
In his dissent, Judge Crawley relies on Goodley v. Standard Furniture Mfg., 716 So.2d 226 (Ala.Civ.App.1998). We find that case to be distinguishable. In Good-ley there was no evidence of delay, as compared to the year’s inactivity in the present case. Further, in Goodley this court found no willful default or contumacious conduct by Goodley. Our affirmance of the court’s dismissal in this action is premised on the fact that Duncan intentionally disregarded the court’s explicit directive of May 6,1997.
The judgment is affirmed.
AFFIRMED.
ROBERTSON, P.J., and MONROE and THOMPSON, JJ., concur.
CRAWLEY, J., dissents.