BEATTY, Retired Justice.
The plaintiffs, Kristy Bellew and Terry Bellew, appeal from an order of the Jefferson Circuit Court dismissing their lawsuit against Gary Lee Grady. We affirm. This case is before this court pursuant to § 12-2-7(6), Ala.Code 1975.
On or about April 24, 1994, an automobile driven by Grady collided with an automobile driven by the Bellews. On April 19, 1996, nearly two years after the accident and approximately one week before the statutory limitations period was to expire, the Bellews’ attorney filed a four-count complaint against Grady and numerous fictitious parties. On June 26, 1996, the Clerk of the Jefferson County Circuit Court mailed a notice to the Bellews’ attorney, notifying him that Grady had moved from the address shown on the summons and that the Bellews’ complaint would be dismissed unless service was perfected within 30 days.
No further action was taken in this cause until April 17, 1998. On that date, the Bellews’ new attorney filed a notice of appearance and a motion to transfer the *914 case, alleging that he had located an address at which Grady could be served and that all of the parties to this lawsuit lived in Etowah County.[1] On September 18, 1998, the Bellews filed an alias summons with the clerk, and on October 9, 1998, Grady was served with a summons and a copy of the Bellews’ complaint.
Shortly after he was served with the Bellews’ complaint, Grady filed a motion to dismiss, alleging that four and one-half years had passed from the date of the accident on which the lawsuit was based, and that two and one-half years had passed since the lawsuit was filed; that witnesses would be difficult to locate; that evidence, including the memories of the witnesses who could be located, would be stale; that Grady’s own recollections of the accident were unclear; that these circumstances would prevent Grady from preparing an adequate defense; and that the trial court should dismiss this cause because the Bellews had failed to prosecute their claims.
On November 5, 1998, the court held a hearing on Grady’s motion to dismiss. The Bellews’ attorney failed to appear for the hearing, and the trial court granted Grady’s motion to dismiss, entering a judgment in favor of Grady and against the Bellews. Thereafter, the Bellews’ attorney notified the trial court that he did not have notice of the November 5, 1998, hearing because his copy of the order setting the hearing had been mailed to the wrong address, and asked the court to set aside its judgment. On January 12, 1999, the trial court held a hearing on the Bellews’ motion to set aside the judgment, after which it denied the Bellews’ motion. The trial court noted in the case action summary that the Bellews’ attorney “gave the Court no reason for the extreme delay in effecting service.”
On appeal, the Bellews argue that the delay in effecting service was the fault of their first attorney, not their present counsel, and that the trial court abused its discretion in dismissing their lawsuit for want of prosecution. We disagree.
Dismissal of an action for want of prosecution is a drastic sanction. Accordingly, Alabama appellate courts scrutinize any order terminating an action for want of prosecution and do not hesitate to set one aside when they find an abuse of discretion. K.P. v. Reed, 626 So.2d 1241 (Ala.1992). A trial court may dismiss an action, with prejudice, for lack of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff or a serious showing of willful default. White v. Jasper City Bd. of Educ., 644 So.2d 16 (Ala.Civ.App.1994); Burton v. Allen, 628 So.2d 814 (Ala.Civ.App.1993). However, the trial court’s discretion to grant a motion to dismiss for failure to prosecute will be accorded considerable weight by the reviewing court, and its decision will be reversed only upon a showing of abuse of discretion. Jones v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 604 So.2d 332 (Ala.1991). A plaintiffs failure to attempt to serve the defendant within a reasonable time may amount to a failure to prosecute an action, warranting dismissal. Hill v. Hawkins, 582 So.2d 1105 (Ala.1991).
The Bellews did not sue until shortly before the statute of limitations would have barred their claim. Nevertheless, when they were advised two months later that Grady could not be served at the address shown on the summons, the Bel-lews waited almost two more years before taking further action. Although the Bel-lews’ former attorney, and not present counsel, may have been responsible for this delay, we cannot hold under these circumstances that the trial court erred in dismissing their action.
For the foregoing reasons the trial court’s judgment is affirmed.
*915 The foregoing opinion was prepared by-Sam A. Beatty, Retired Justice, Supreme Court of Alabama, while serving on active-duty status as a judge of this court under the provisions of § 12 — 18—10(e), Ala. Code 1975.
AFFIRMED.
All the judges concur.

. No evidence in the record indicates that the Bellews had made any attempt to learn the identities of the fictitious parties and to serve them with a summons and a complaint.