On September 15, 2004, Alicia Haynes Kaufmann ("the ex-wife") and Andrew Joseph Kaufmann, Jr. ("the ex-husband"), were divorced. They each appealed that judgment to this court, whereupon this court affirmed the judgment of the trial court, without an opinion. Kaufmann v. Kaufmann [No. 2040410, May 19, 2006], ___ So.2d ___ (Ala.Civ.App. 2006) (table). While that appeal was pending before this court, the ex-wife obtained a certificate of judgment from the clerk of the court in which the divorce judgment had been entered and obtained a process of garnishment as to the entire alimony-in-gross award her ex-husband had been ordered to pay in installments. In September 2005, the ex-husband moved the trial court to quash the process of garnishment, and the certificate of judgment entered by the clerk of the court. The trial court granted the motion to quash both the process of garnishment and the certificate of judgment, and it ordered the ex-wife to take the necessary action to withdraw the certificate of judgment in whatever counties it had been recorded so that any liens imposed on the ex-husband's property would be removed.
The ex-wife filed a Rule 59, Ala. R. Civ. P., postjudgment motion; after the trial court denied the ex-wife's postjudgment *Page 691 
motion, the ex-wife timely appealed to this court.
 I. Factual Background
The judgment divorcing the parties in 2004 contained the following relevant section:
 "14. [The ex-husband] shall pay to [the ex-wife] the sum of $100,000.00 as alimony-in-gross which may be paid by [the ex-husband] to [the ex-wife] at the rate of $2,000.00 per month until paid in full."
As noted above, the divorce judgment was affirmed by this court on appeal. In the present case, the trial judge, after hearing the arguments of counsel, entered the following order quashing the certificate of judgment and process of garnishment:
 "1. That the Process of Garnishment issued by the [ex-wife] against South-Trust Bank as Garnishee is hereby quashed and the said Garnishee is hereby released from said Garnishment.
 "2, That the Certificate of Judgment issued by the Clerk of this Court in the amount of $100,000 is hereby quashed and the Clerk of this Court is hereby ORDERED to withdraw and rescind said Certificate of Judgment.
 "3. That the [ex-wife] is hereby ORDERED to take appropriate action in whichever counties the Certificate of Judgment has been recorded, to cause said Certificates of Judgment to be withdrawn so as to remove any lien upon the [ex-husband's] properties.
 "4. That upon the release of the funds withheld by the Garnishee in this matter, and the withdrawal of the Certificate of Judgment, the [ex-husband] shall forthwith pay all sums due and owing through the date of this Order to the [ex-wife] for alimony in gross together with interest accrued thereon through the date of the filing of the Process of Garnishment. The Court hereby reserves the issue of the amount of interest, if any, which the [ex-husband] owes the [ex-wife] for alimony which has accrued since the date of the filing of said Process of Garnishment."
The trial court received no oral testimony regarding the ex-husband's motion to quash the process of garnishment and the certificate of judgment.
 II. Discussion
The ex-wife argues on appeal that the trial court erred in quashing the certificate of judgment and the process of garnishment and in ordering her to remove the recording of the certificate of judgment from the counties in which she had recorded it. She primarily relied upon two statutes in her postjudgment motion to the trial court, and she relies on the same statutes in her briefs to this court; those statutes are § 6-9-210 and -211, Ala. Code 1975. The trial court in this case applied the law to undisputed, stipulated facts. Our review therefore is de novo. American Res. Ins. Co. v. H HStephens Constr., Inc., 939 So.2d 868, 872 (Ala. 2006).
 "`When reviewing a case in which the trial court sat without a jury and heard evidence in the form of stipulations, briefs, and the writings of the parties, this Court sits in judgment of the evidence; there is no presumption of correctness. Old Southern Life Ins. Co. v. Williams, 544 So.2d 941, 942
(Ala. 1989); Craig Constr. Co. v. Hendrix, 568 So.2d 752, 756 (Ala. 1990). When this Court must determine if the trial court misapplied the law to the undisputed facts, the standard of review is de novo, and no presumption of correctness is given the decision of the trial court. State Dep't of Revenue v. Garner, 812 So.2d 380, 382
(Ala.Civ.App. 2001); see also Ex parte Graham, 702 So.2d 1215 (Ala. 1997). In *Page 692 
this case the trial court based its decision upon the stipulations, briefs, writings, and arguments of the parties' attorneys. No testimony was presented. Therefore, we must sit in judgment of the evidence, and the trial court's ruling carries no presumption of correctness.'"
American Res. Ins. Co., 939 So.2d at 873 (quotingBean Dredging, L.L.C. v. Alabama Dep't of Revenue,855 So.2d 513, 516-17 (Ala. 2003)).
 A. Jurisdictional Issues
First we must address the finality of the trial court's judgment. In this case the trial court reserved ruling on the issue of the amount of interest to apply to the past-due amount of alimony-in-gross payments the ex-husband owed the ex-wife, and the trial court did not enter an exact amount specifying how much the ex-husband owed the ex-wife.[1] Nevertheless, the trial court's judgment is a final judgment.
A garnishment proceeding to enforce a previous judgment is a postjudgment proceeding requiring the filing of a separate docket fee. See § 12-19-75, Ala. Code 1975. Our supreme court, in Brown Shoe Co. v. Schaefer, 242 Ala. 310,6 So.2d 405 (1942), stated that a judgment vacating and dismissing a garnishment was a final, appealable judgment. Importantly, § 6-6-464, Ala. Code 1975, provides that "[a]n appeal [from a garnishment proceeding] lies to . . . the court of civil appeals . . . at the instance of the plaintiff, the defendant, the garnishee, or the contestant, or claimant." More recently, inEx parte Walters, 646 So.2d 154, 155 (Ala.CivApp. 1994), this court stated that mandamus was an inappropriate remedy for the denial of a motion to quash several garnishments when an adequate remedy by appeal existed.
The trial court's failure to award a specific amount of past-due alimony-in-gross payments, or to specify the interest to apply to those past-due payments, is inconsequential. Although the ex-wife requested that the trial court award a specific amount of past-due alimony and that it apply a specific interest rate to that award of past-due alimony in her postjudgment motion, and although she did at one point (before the judgment quashing the process of garnishment and the certificate of judgment was entered) move to show cause why the ex-husband had not paid the past-due alimony, the judgment is still final. Despite being made within the context of a motion to alter, amend, or vacate, the ex-wife's requests require the initiation of a separate action and the payment of the appropriate fees. See, e.g., Kaufman v. Kaufman,934 So.2d 1073, 1082 (Ala.Civ.App. 2005) ("A motion or petition seeking the imposition of sanctions based on a finding of contempt initiates an independent proceeding that requires the payment of a filing fee."); see also § 12-19-71(a)(7), Ala. Code 1975 (providing that a filing fee shall be collected "for cases filed in the domestic relations docket of the circuit court seeking to modify or enforce an existing domestic relations court order"). The trial court's reference to the amount of past-due payments is not related to the garnishment proceeding and the issue whether the process of garnishment should be quashed; it is simply superfluous language.
 B. Substantive Issues
The ex-wife argues that the provisions of § 6-9-210, Ala. Code 1975, and § 6-9-211, Ala. Code 1975, are applicable and that therefore the trial court was in error when it quashed the process of garnishment and the certificate of judgment *Page 693 
and required the ex-wife to remove that certificate of judgment from the counties in which she had recorded it.
Section 6-9-210, Ala. Code 1975, provides, in part:
 "The owner of any judgment entered in any court of this state or of the United States held in this state may file in the office of the judge of probate of any county of this state a certificate of the clerk or register of the court by which the judgment was entered, which certificate shall show the style of the court which entered the judgment, the amount and date thereof, the amount of costs, the names of all parties thereto and the name of the plaintiffs attorney and shall be registered by the judge of probate in a book to be kept by him for that purpose, which said register shall also show the date of the filing of the judgment."
Section 6-9-211, Ala. Code 1975, provides, in part:
 "Every judgment, a certificate of which has been filed as provided in Section 6-9-210, shall be a lien in the county where filed on all property of the defendant which is subject to levy and sale under execution, and such lien shall continue for 10 years after the date of such judgment. . . . The filing of said certificate of judgment, as provided in Section 6-9-210, shall be notice to all persons of the existence of the lien thereby created."
The ex-wife points out that unless she has a certificate of judgment she may not be able to obtain complete satisfaction of the alimony-in-gross award. For example, our supreme court held in AmSouth Bank v. Holberg, 789 So.2d 833, 836-37
(Ala. 2001), that it is not enough to file a copy of a judgment of divorce in probate court in order to create a lien on property allocated in that judgment. Instead, a party must file the certificate of judgment. Id. at 837.
Certainly, the ex-wife is entitled to a certificate of judgment; however, that certificate of judgment must reflect the actual terms of the divorce judgment. In regard to garnishment, § 6-6-391, Ala. Code 1975, provides, in part:
 "To obtain such writ of garnishment, the plaintiff, his agent or attorney must make, before an officer authorized to administer oaths, and file, with the clerk of the court in which the action is pending or the judgment was entered, an affidavit stating the amount due from the defendant to the plaintiff, or his assignee, that process of garnishment is believed to be necessary to obtain satisfaction thereof and that the person to be summoned as garnishee is believed to be chargeable as garnishee in the case."
(Emphasis added.) In this case the ex-wife alleged that the amount due to her was $106,752.43. That was not in fact how much the ex-husband owed her. The parties were divorced in September 2004. Thus, at the time the ex-wife filed her process of garnishment, in June 2005, the ex-husband would have owed at most $20,000 ($2,000 per month X 10 months). Although the ex-wife argues that unless she has a certificate of judgment she is unprotected in the event of the ex-husband's death, that is not entirely true. It may be wise for the ex-wife to establish a lien on the ex-husband's property by filing a proper certificate of judgment to ensure that she is paid what she is owed; however, we also note that an award of alimony in gross is vested and is a charge against the ex-husband's estate should he die before payment is made in full. Powell v. Powell,628 So.2d 832, 835 (Ala.Civ.App. 1993) (citing Hager v. Hager,293 Ala. 47, 299 So.2d 743 (1974)). Understandably, the ex-wife desires a certificate of judgment to establish that her interest in the property has priority over the interest of other creditors, but she need not worry *Page 694 
that the judgment awarding her alimony in gross will not survive the ex-husband's death.
Generally, a debt, to be subject to garnishment, must be due absolutely, and without contingency. Druid City Hosp. Bd. v.Epperson, 378 So.2d 696, 698 (Ala. 1979) (citing Slossv. Glaze, 231 Ala. 234, 164 So. 51 (1935)). The ex-wife could, therefore, seek to obtain a garnishment as to the amount of past-due alimony-in-gross payments.
We note that our treatment of past-due alimony-in-gross payments is consistent with the manner in which past-due periodic alimony payments are treated in this state. See, e.g., Weaver v.Weaver, 523 So.2d 462, 464 (Ala.Civ.App. 1988) (observing that a former spouse may use normal garnishment procedures when attempting to collect a judgment for an alimony arrearage, as well as for any subsequent past-due periodic-alimony payments).
 III. Conclusion
The ex-wife in this case was not entitled to a garnishment of the ex-husband's property in the amount of $106,752.43. She may obtain a certificate of judgment that reflects the actual terms of the divorce judgment and a garnishment for any amount past due. The trial court did not err in quashing the certificate of judgment, quashing the process of garnishment, or in ordering the ex-wife to withdraw the certificate of judgment from the counties in which it had been recorded.
AFFIRMED.
THOMPSON, PITTMAN, and BRYAN, JJ., concur.
MURDOCK, J., concurs in the result, without writing.
[1] We also note that although several of the documents in the record are labeled with a ".01" case number, it appears that no such case number was in fact assigned to the garnishment proceedings.