BRYAN, Judge.
Junior Thomas Rogers (“the former husband”) appeals a judgment dismissing, with prejudice, his action seeking to recover from Rita Gann (“the former wife”) an alleged overpayment of child support.
In April 2005, the former husband petitioned the trial court to terminate an income-withholding order and to enter a judgment against the former wife for $7,586. His petition alleged the following facts. The former husband and the former wife were divorced in 1981. The divorce judgment awarded primary physical custody of the parties’ minor daughter (“the daughter”) to the former wife and ordered the former husband to pay child support. In February 1989, the former wife’s new husband, with the consent of the former husband, adopted the daughter. In September 1995, the former wife obtained a judgment against the former husband for unpaid child support in the amount of $3,857. The judgment ordered that the $3,857 be collected by means of an income-withholding order pursuant to which the former husband’s employer would withhold from his pay $100 per month for 38 months and $57 for one month. The judgment further ordered that the employer should deposit the withheld funds into a savings account in the names of the former wife and the daughter. However, the income-withholding order was not terminated when a total of $3,857 had been withheld from the former husband’s income; rather, the income-withholding order had continued in force and, consequently, as of March 2005, a total of $11,443 had been withheld from the former husband’s income and deposited into the savings account.
A few days after the former husband filed his petition, the trial court entered an order terminating the income-withholding order pending the resolution of the litigation. On May 9, 2005, the former wife filed an answer denying the material allegations of the former husband’s petition. Following a pretrial hearing, the trial court, on August 31, 2005, entered an order setting the case for trial on December 19, 2005. However, on November 10, 2005, the former husband moved the trial court to add the daughter as a necessary party, and the trial court granted that motion.
On December 15, 2005, the trial court entéred an order granting a joint motion filed by the former husband and the former wife seeking a continuance of the December 19, 2005, trial setting.[1] The December 15 order also reset the case for trial on February 15, 2006.
*1107 On December 22, 2005, the daughter filed an answer denying the material allegations of the former husband’s petition.[2] On February 15, 2006, the trial court entered an order granting a motion filed by the former husband seeking a continuance of the February 15, 2006, trial setting.[3] The February 15 order also set the case for trial on April 18, 2006. The record indicates that the case was not tried on April 18, 2006, although it does not indicate why. The trial court signed a judgment on September 15, 2006, which was subsequently entered on September 18, 2006. That judgment stated:
“It appears that there has been no action in the above referenced case since April 18, 2006 and the letter of this Court dated May 17, 2006 to the attorneys. It is ORDERED, ADJUDGED and DECREED that the case be dismissed, with prejudice, for lack of prosecution.”
The record does not contain a transcript indicating what, if anything, may have occurred in court on April 18, 2006. Moreover, the record does not contain the May 17, 2006, letter referred to in the trial court’s judgment.
On October 3, 2006, the former husband filed a motion titled “Motion to Reinstate.” That motion stated:
“Comes now the attorney for Junior Thomas Rogers in the above referenced cause and requests this Honorable Court to reconsider the Order dated September 15, 2006, and reinstate said cause in that there has been no resolution to the issues in controversy. Mo-veant [sic] would show that he and the attorney for Rita Gann attempted to resolve this cause by Stipulation but were unable to do so and said case should be set for hearing.”
The trial court denied the former husband’s “Motion to Reinstate” on October 10, 2006.
On October 16, 2006, the former husband filed a motion titled “Motion to Amend.” That motion stated:
“Comes now the Petitioner in the above styled cause and requests that the Order heretofore entered dated September 15, 2006, be amended.
“Moveant [sic] would show that this is a domestic matter and that no resolution of the issues presented has been reached. Moveant [sic] filed a Motion to Reinstate which was denied on October 10, 2006. A dismissal with prejudice for failure to prosecute should be done most sparingly and only in instances of virtually willful behavior. Weatherly v. Baptist Medical Center, 392 So.2d 832 (Ala.1981). Involuntary dismissal with prejudice is a harsh sanction, and is warranted only when there is a clear record of willful conduct. Mere inaction or delay should not warrant so harsh a sanction. Duncan v. Sikorsky, 736 So.2d 613 (Ala.Civ.App.1998). In this case, the parties attempted to reach a Stipulation and were unable to do so, the consequences of which should not fall entirely on the Petitioner.
“Therefore, moveant [sic] respectfully requests that in the event the Court will not set this cause for hearing to resolve the issues in controversy, then the above-referenced order dated September 15, 2006, be amended to read that the case be dismissed without prejudice.”
*1108 The record on appeal does not contain any indication that the trial court ruled on the former husband’s “Motion to Amend.” The former husband appealed to this court on November 17, 2006.
Although the former husband’s notice of appeal was filed more than 42 days after the entry of the judgment appealed from, his “Motion to Reinstate” was, in substance, a Rule 59(e), Ala. R. Civ. P., motion that suspended the running of the 42-day period for him to file his notice of appeal until that motion was ruled on. See Ex parte Family Dollar Stores of Alabama, Inc., 906 So.2d 892, 897 (Ala.2005) (“ ‘ “[T]he substance of a motion and not its style determines what kind of motion it is.” ’ ” (quoting Breaux v. Bailey, 789 So.2d 204, 206 (Ala.2000), quoting in turn Evans v. Waddell, 689 So.2d 23, 26 (Ala.1997))); and Rule 4(a)(3), Ala. R.App. P. Accordingly, even though the former husband’s “Motion to Amend,” was, in substance, a motion to reconsider the denial of his first postjudgment motion and, therefore, a nullity, see Package Express Ctr., Inc. v. Motley, 717 So.2d 378, 379 (Ala.Civ.App.1998), the former husband timely filed his notice of appeal because he filed it within 42 days after the trial court denied his first postjudgment motion.
On appeal, the former husband first argues that the trial court abused its discretion by dismissing his action for lack of prosecution. Second, he argues that even if the trial court did not abuse its discretion by dismissing his action for lack of prosecution, the trial court abused its discretion by dismissing his action with prejudice instead of without prejudice.
“Dismissal of an action for want of prosecution is a drastic sanction. Accordingly, Alabama appellate courts scrutinize any order terminating an action for want of prosecution and do not hesitate to set one aside when they find an abuse of discretion. K.P. v. Reed, 626 So.2d 1241 (Ala.1992). A trial court may dismiss an action, with prejudice, for lack of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff or a serious showing of willful default. White v. Jasper City Bd. of Educ., 644 So.2d 16 (Ala.Civ.App.1994); Burton v. Allen, 628 So.2d 814 (Ala.Civ.App.1993). However, the trial court’s discretion to grant a motion to dismiss for failure to prosecute will be accorded considerable weight by the reviewing court, and its decision will be reversed only upon a showing of abuse of discretion. Jones v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 604 So.2d 332 (Ala.1991).”
Bellew v. Grady, 744 So.2d 913, 914 (Ala.Civ.App.1999)(emphasis added).
“This court does not presume error. In order for this court to consider an error asserted on appeal, that error must be affirmatively demonstrated by the record. Liberty Loan Corp. of Gadsden v. Williams, 406 So.2d 988 (Ala.Civ.App.1981). [The appellant] must ‘bear the burden of ensuring that the record on appeal contains sufficient evidence to warrant reversal.’ Gotlieb v. Collat, 567 So.2d 1302, 1304 (Ala.1990).”
Elliott v. Bud’s Truck & Auto Repair, 656 So.2d 837, 838 (Ala.Civ.App.1995) (emphasis added).
In the case now before us, the former husband has not provided a record that affirmatively demonstrates that the trial court abused its discretion. The record does not indicate why the action was not tried on April 18, 2006. The record does not indicate what, if anything, may have been said by the parties or the trial court in court on April 18, 2006. The record does not indicate what occurred between April 18, 2006, and the writing of the trial court’s letter to the parties on May 17, *1109 2006. The record does not indicate what prompted the trial court to write its May-17, 2006, letter or what that letter communicated to the parties. Finally, the record does not indicate what occurred between May 17, 2006, and the dismissal of the action on September 18, 2006. Without a record providing such information, we cannot determine whether the trial court abused its discretion. In suggesting that this court should reverse the trial court’s judgment because “[t]he record reveals no clear pattern of delay, willful default, or contumacious conduct on the part of the former husband” and because “[t]he record also does not contain the [trial] court’s May 17, 2006, letter to the attorneys, so we cannot assume that the parties were warned that continued inaction would result in dismissal,” 982 So.2d at 1109, the dissent seeks to replace the rule requiring the appellant to ensure that the record affirmatively establishes his right to a reversal with a rule requiring the appellee to ensure that the record affirmatively establishes her right to an affirmance. However, since the burden is, indeed, on the appellant to ensure that the record affirmatively establishes that he is entitled to a reversal, we have no choice but to affirm the trial court’s judgment in this case. See Bellew v. Grady, supra, and Elliott v. Bud’s Truck and Auto Repair, supra.
AFFIRMED.
THOMPSON, P.J., and MOORE, J., concur.
PITTMAN, J., concurs in the result, without writing.
THOMAS, J., dissents, with writing.

. The record does not contain the motion seeking a continuance.

. The notice of appeal did not list the daughter as a party to this appeal, and she has not filed a brief with this court.

. The record does not contain the motion seeking a continuance.