Dwight Harris appeals from a judgment of the Clarke Circuit Court dismissing, with prejudice, his legal-services-liability action against Lilia Cleveland and Daryl Drinkard (collectively, "the attorneys") for lack of prosecution. We reverse and remand.
Harris, proceeding pro se, filed his complaint in the trial court in November 2005, alleging that Drinkard, who had represented Harris during trial-court proceedings relating to charges of unlawful distribution of controlled substances, and Cleveland, who had represented Harris in an appeal from a conviction and sentence as to those charges, were both guilty of malpractice[1] in the course of their representation of Harris; Harris sought an award of damages and the disbarment of the attorneys. Drinkard filed an answer to the complaint in November 2005 in which he demanded strict proof of the material allegations of the complaint; in response, Harris filed an "answer"[2] to Drinkard's "demand" in which he made additional factual assertions (supported with citations to the record from his criminal trial).
In December 2005, all of the sitting circuit judges recused themselves. The Chief Justice of the Alabama Supreme Court then appointed a judge from another circuit to hear the case; although the order appointing that judge directed that "the attorneys of record" were to be notified, Harris apparently did not receive notice of that appointment because, on March 20, 2006, the trial court clerk received a letter from Harris asking to whom the case had been assigned. In that letter, Harris stated that he had not heard anything from the trial-court clerk regarding his case during the preceding three months, and he advised that he was "ready to go to trial on this matter as soon as possible." A copy of the Chief Justice's appointment order was sent to Harris on March 21, 2006.
The case-action-summary sheet in Harris's civil action contains no entries between the trial-court clerk's receipt of the Chief Justice's appointment order and February 16, 2007; on that date, the trial judge appointed by the Chief Justice entered a judgment dismissing the case with prejudice. In its judgment, the trial court noted the December 2005 recusal of the sitting circuit judges and observed that "[t]here have been no pleadings filed in this action since its assignment, nor any communication from [Harris] over the past 14 months." Based upon those observations, the trial court determined that Harris was "not pursuing his claims." Harris timely filed a notice of appeal from that judgment to the Alabama Supreme Court, which transferred the appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975. *Page 80 
Although Harris posits that the trial court's judgment is a "summary judgment" governed by the procedures set forth in Rule 56, Ala. R. Civ. P., [3] it is clear from the record that the judgment is, in actuality, a judgment of dismissal, with prejudice, entered pursuant to Rule 41(b), Ala. R. Civ. P., on the trial court's own motion. See Burdeshaw v. White,585 So.2d 842, 847 (Ala. 1991) (noting that "a court has the inherent power to act sua sponte to dismiss an action for want of prosecution"). However, as Burdeshaw also notes, "[t]he entry of a judgment for a defendant as a matter of law for want of prosecution is a drastic sanction," and because dismissal "is such a drastic sanction, it is to be used only in extreme situations"; thus, an appellate court "carefully scrutinizes any order terminating an action for want of prosecution, and it does not hesitate to set one aside when an abuse of discretion is found." Id. With particular reference to a judgment of dismissal with prejudice
for lack of prosecution, our court has held that such a dismissal is proper "only where there is a clear record of delay or contumacious conduct by the plaintiff or a serious showing of willful default." Burton v. Allen,628 So.2d 814, 815 (Ala.Civ.App. 1993).
In this case, the record does not contain any indication of a "clear record" that would support the drastic sanction of dismissal. First, there was no motion filed by either of the attorneys to dismiss the action for want of prosecution that might have prompted a response from Harris. There is likewise no indication that the trial court called for a pretrial conference or set the case for trial; indeed, the trial court entered no orders requiring the parties to appear in person or through counsel or directing Harris to show cause why the case should not be dismissed. Finally, contrary to the trial court's determination that there had been no "communication from [Harris] over the [preceding] 14 months," Harris made a written inquiry in March 2006 concerning the status of the case and declared that he was "ready to go to trial." In short, in this case, as in Riddlesprigger v. Ervin, 519 So.2d 486
(Ala. 1987), the burden never fell upon the plaintiff to take affirmative action, and "[t]he mere fact that a case has been pending on the docket for [several] months, without other factors, does not authorize a trial court to dismiss the action for want of prosecution." 519 So.2d at 488; accord Smith v.Wilcox County Bd. of Educ, 365 So.2d 659, 662 (Ala. 1978) (reversing judgment dismissing independent action for relief from a judgment dismissing underlying action for lack of prosecution based upon multi-year period of inactivity; noting that "a period of inactivity is generally coupled with some other act to warrant the severe penalty of dismissal").
We conclude that the trial court acted outside its discretion in dismissing Harris's action against the attorneys with prejudice. That judgment is reversed, and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
All the judges concur.
[1] Under Alabama law, there is, by statute, "only one form and cause of action against legal service providers . . . and it [is] known as the legal service liability action." Ala. Code 1975, § 6-5-573.
[2] We note that Rule 7(a), Ala. R. Civ. P., does not permit any pleading replying to an answer when that answer does not also state a counterclaim.
[3] Neither of the attorneys has favored this court with a brief.