In December 2005, American Truck Driving Academy, Inc. ("ATDA"), sued Reuben C. Smith seeking to recover amounts it contended Smith owed it on an account. Smith did not respond to the complaint. On June 23, 2006, the trial court entered an order giving ATDA 60 days to inform the court about the status of the litigation or the action would be dismissed. ATDA moved for a default judgment. On October 5, 2006, the trial court entered a default judgment in favor of ATDA. The October 5, 2006, judgment is not contained in the record on appeal, but motions and other filings in the record indicate that, in that judgment, the trial court awarded ATDA damages totaling $13,592.31.
On August 2, 2007, ATDA obtained a process of garnishment against Auburn Bank for any funds Smith held in that institution. On that same date, ATDA obtained a similar process of garnishment against Magnatron Corporation ("Magnatron"), Smith's employer, for garnishment of Smith's wages. Magnatron answered and indicated that it would comply with the order and pay wages it withheld pursuant to that order into the court. Auburn Bank also answered, stating "we are holding $2.44 until further notice from you."[1]
On August 28, 2007, ATDA filed a document entitled "motion to condemn funds," which stated:
 "COMES NOW [ATDA] and moves the Court to condemn all funds being held presently and any funds received in the future by the Court to [ATDA] in partial satisfaction of the Judgment obtained against [Smith]."
Included in that motion was the following paragraph, which was signed and entered by the trial court as its order on August 30, 2007:
 "This Motion being considered by the Court and the Court having found said motion to be well taken, it is hereby ORDERED, ADJUDGED, AND DECREED that all funds presently held or any funds delivered after this date and held by the Court pursuant to this garnishment be paid over to [ATDA] upon receipt with no further order of this court."
On October 26, 2007, the trial court, apparently on its own initiative, entered a judgment stating: "[ATDA] having failed to properly file a `Motion to Condemn Funds' from Auburn Bank, this case is ordered dismissed for want of prosecution." Pursuant to that order, the trial court clerk released Magnatron and Auburn Bank from the earlier garnishment orders. ATDA filed a postjudgment motion, and the trial court denied that motion. ATDA timely appealed, and this court assigned the appeal number 2070381; ATDA also filed in this court a petition for a writ of mandamus, docketed as case number 2070388. This court consolidated ATDA's appeal with its mandamus petition.
Initially, we note that "the case" referred to as being dismissed in the trial court's October 26, 2007, judgment was the proceeding seeking the garnishment orders enforcing the October 5, 2006, default judgment and not the default judgment itself. See Kaufmann v. Kaufmann, 960 So.2d 689, 692
(Ala.Civ.App. 2006) ("A garnishment *Page 1069 
proceeding to enforce a previous judgment is a postjudgment proceeding requiring the filing of a separate docket fee. See § 12-19-75, Ala. Code 1975."); see also Ex parteKing, 776 So.2d 31, 35 (Ala. 2000) (a trial court loses jurisdiction to set aside a final default judgment 30 days after the entry of that judgment).
The October 26, 2007, judgment dismissing the garnishment proceedings for want of prosecution is a final judgment that supports an appeal. Kaufmann v. Kaufmann,960 So.2d at 692. Therefore, mandamus is not the appropriate method of obtaining appellate review in this matter. Ex parteSmith, 168 Ala. 179, 52 So. 895 (1910); see also Exparte Amerigas, 855 So.2d 544, 546 (Ala.Civ.App. 2003) ("Review by mandamus is not appropriate where the petitioner has another adequate remedy, such as an appeal."). Accordingly, we dismiss the petition for a writ of mandamus.
In its appeal, ATDA argues that the trial court erred in dismissing the garnishment action on the basis of its purported failure to prosecute and that, pursuant to that dismissal, the trial court erred in ordering that Magnatron and Auburn Bank be released from the garnishment orders.
 "[I]t is clear from the record that the judgment is, in actuality, a judgment of dismissal, with prejudice, entered pursuant to Rule 41(b), Ala. R. Civ. P., on the trial court's own motion. See Burdeshaw v. White, 585 So.2d 842, 847 (Ala. 1991) (noting that `a court has the inherent power to act sua sponte to dismiss an action for want of prosecution'). However, as Burdeshaw also notes, `[t]he entry of a judgment for a defendant as a matter of law for want of prosecution is a drastic sanction,' and because dismissal `is such a drastic sanction, it is to be used only in extreme situations'; thus, an appellate court `carefully scrutinizes any order terminating an action for want of prosecution, and it does not hesitate to set one aside when an abuse of discretion is found.' Id. With particular reference to a judgment of dismissal with prejudice for lack of prosecution, our court has held that such a dismissal is proper `only where there is a clear record of delay or contumacious conduct by the plaintiff or a serious showing of willful default.' Burton v. Allen, 628 So.2d 814, 815 (Ala.Civ.App. 1993)."
Harris v. Cleveland, 979 So.2d 78, 80
(Ala.Civ.App. 2007).
In this case, the trial court entered a default judgment in favor of ATDA, and ATDA sought to enforce that judgment through the process of garnishment. After successfully obtaining garnishment orders in early August 2007, ATDA successfully moved for an order from the trial court on August 30, 2007, condemning and ordering to be paid to ATDA "all funds presently held or any funds delivered after [August 30, 2007], and held by the Court pursuant to this garnishment." The August 30, 2007, motion and order do not refer to any specific garnished funds, i.e., whether they pertained only to the funds received in the court as a result of the garnishment order served on Magnatron or whether they referred to funds received by the trial court from Magnatron and Auburn Bank pursuant to the garnishment orders.
It is clear that ATDA was prosecuting its garnishment action, although it is not clear whether it was specifically seeking to condemn any funds derived from the garnishment order served on Auburn Bank. However, nothing in the garnishment statutes, §§ 6-6-370 through -484, Ala. Code 1975, requires that a garnishor move to condemn funds paid into *Page 1070 
the court pursuant to a garnishment order, or that it do so within a specific time. Additionally, nothing in the record indicates that ATDA failed to comply with any order or directive of the court with regard to condemning the funds derived from the Auburn Bank garnishment. Even had ATDA failed to comply with correct procedures for garnishment, which arguably might have warranted some form of sanction, we cannot agree with the trial court that the facts of this case indicated "`a clear record of delay or contumacious conduct'" on the part of ATDA that warranted the "drastic sanction" of a dismissal of the entire garnishment proceeding. Harris v. Cleveland,979 So.2d at 80.
We agree with ATDA that the trial court erred in dismissing the garnishment proceeding and releasing Magnatron and Auburn Bank from the garnishment orders. Because we reverse the trial court's judgment on that basis, we pretermit discussion of ATDA's argument that the trial court erred in denying its postjudgment motion.
2070381 — REVERSED AND REMANDED.
2070388 — PETITION DENIED.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
[1] We note that, in its postjudgment motion, ATDA refers to the Auburn Bank garnishment as being in the amount of $244; it appears that that reference may be a typographical error.